MAY SILVER, as Administratrix of the Estate of HENRY H. SILVER, Deceased, Appellant, v. MILTON PAULSON, Respondent.— Action by the administratrix of a deceased attorney to recover a share of a fee claimed to be due under an agreement between the intestate and defendant, also an attorney. The complaint in substance alleges that in August, 1946, one Jay H. Kanarek, an attorney who had been retained by certain stockholders of Twentieth Century-Fox Film Corporation to institute a stockholders' derivative action against its officers and directors, discussed the matter with plaintiff's intestate, whom he knew; that said intestate recommended that Kanarek seek to have defendant associated with him in the case; that said intestate thereafter spoke to defendant about the matter and they agreed that if the intestate would cause the defendant to become associated therein, defendant would pay to said intestate " one-third of all sums which the defendant should receive for services in the said matter "; that said intestate brought about said association, as a result of which defendant eventually received the sum of $70,000 for his services, and that no part of the intestate's one-third share thereof has been paid although duly demanded. There is no allegation that the intestate agreed to share in the services or that he assumed any responsibility in connection with the case. Order dismissing the complaint pursuant to rule 106 of the Rules of Civil Practice, and judgment entered thereon, unanimously affirmed, with $10 costs and disbursements; with leave to plaintiff to plead over, if she be so advised, within twenty days after the entry of the order hereon. No opinion. Present — Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ.

BONNIE J. WILSON, an Infant, by ROBERT S. WILSON, Her Guardian ad Litem, et al., Respondents, v. CITY OF NEW ROCHELLE, Appellant.— In an action to recover damages for personal injuries and for expenses and loss of services, judgment entered on a verdict in favor of plaintiffs, as reduced by stipulation, unanimously affirmed, with costs. Under the circumstances the jury was entitled to find that the objects which tripped the infant and completely pierced her eye, requiring its removal, were part of the debris which defendant permitted to accumulate for years in the play area for children of its tenants. Present — MacCrate, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ.

## (April 6, 1955.)

In the Matter of the Application of JOHN T. PLUNKET for Admission to Practice as an Attorney. (From the State of Texas.) — Application granted. Present — Wenzel, Acting P. J., MacCrate, Beldock, Murphy and Ughetta, JJ.