■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR SANTAMARIA, alias "ARTHUR SANTA MARIA", Appellant.— Appeal from a judgment of the County Court, Kings County, convicting appellant, after a trial before the court without a jury (N. Y. Const., art. I, § 2), of a violation of section 530 of the Penal Law (coercion). Appellant was sentenced to the New York City Penitentiary, execution of which sentence was suspended, and he was placed on probation, pursuant to section 932 of the Code of Criminal Procedure, on condition, *inter alia,* that he divorce himself from the labor movement. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ MAURICE TAYLOR, Individually and as Executor of DOROTHY TAYLOR, Deceased, Respondent, v. LONG ISLAND HOMES, INC., Appellant.— Appeal from so much of an order as (1) enlarged an original complaint alleging causes of action to recover damages for personal injuries and for medical expenses and loss of services so as to include a cause of action to recover damages for the wrongful death of the injured person and permitted the service of an amended complaint alleging such a cause of action, (2) directed the examination before trial of two witnesses, and (3) directed the further examination before trial of appellant by three persons. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ ROBERT D. WEINERT, an Infant, by His Guardian ad Litem, STUART E. WEINERT, et al., Respondents, v. WILLIAM DOWNEY, Appellant.— In an action by an infant to recover damages for personal injuries and by his father to recover damages for medical expenses and loss of services, the appeal is from a judgment entered on a jury verdict in their favor. Appellant is the owner of a two-family house in which the infant resides with his father, the lessee of an apartment therein. The infant is alleged to have been injured when he was struck in the eye with a thorny branch of a "rambler or climbing rose bush", which overhung a stairway in the rear of the dwelling. Judgment affirmed, with costs. A jury question was presented (*Wilson* v. *City of New Rochelle,* 285 App. Div. 1059, motion for leave to appeal denied 308 N. Y. 1054). Beldock, Acting P. J., Murphy, Hallinan and Kleinfeld, JJ., concur; Ughetta, J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: I fail to see any negligence whatsoever in a landlord's maintaining a rose bush in the yard of a rented house. The infant, aged 9, ran into the rose bush while playing tag with his brother, aged 11. I discern no analogy between the case of a landlord of a veterans' housing project which maintained a children's playground and permitted it to become littered with debris over a period of years (*Wilson* v. *City of New Rochelle,* 285 App. Div. 1059, motion for leave to appeal denied 308 N. Y. 1054 [relied on by the majority]), or the case of a person who permitted a dangerous piece of discarded machinery to remain in a yard (*Sarapin* v. *S. & S. Corrugated Paper Mach. Co.,* 209 App. Div. 377), and the case here presented, where the landlord had a rose bush growing in the back yard.