PATRICIA LEONARD et al., Respondents, v. ASHLEY WELDING MACHINE & IRON CO., INC., et al., Appellants. FAITH M. COHEN, Respondent, v. ASHLEY WELDING MACHINE & IRON CO., INC., et al., Appellants.— In two actions (con-

solidated and tried together) to recover damages for personal injuries sustained by plaintiffs while escaping from a burning hotel building, the defendants appeal from a judgment of the Supreme Court, Kings County, entered December 7, 1959, on a decision in favor of the several plaintiffs, after a nonjury trial. The fire was caused by an explosion within an oil-burning furnace in the basement of the hotel. Judgment reversed on the law and the facts, with costs, and complaints dismissed, with costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. Defendant Ross did certain work on the oil-burning furnace three days before the fire and defendant Ashley did other work on the furnace two days before the fire. The trial court found that, during the course of such work, both of them damaged the fuel line leading into the furnace, causing oil to leak inside the firebox; and that this accumulation of oil in the firebox was the cause of the fire and explosion. In our opinion, there is insufficient evidence to sustain these findings. Although there is proof that defendants came in contact with the fuel line, there is no proof that defendants caused any damage thereto, or that there was an oil leak inside the firebox, or that defendants caused such leak even if it be assumed that such leakage did occur. The contrary conclusion stated by the expert witness called by plaintiffs was based upon an assumption of facts which were inadequate to sustain the inferences upon which the conclusion rested. Such conclusion could have been reached only by basing inference upon inference. Whenever facts are sought to be proved by circumstantial evidence every inference must stand on some clear direct evidence, and not on some other inference or presumption (*Lamb* v. *Union Ry. Co.*, 195 N. Y. 260, 266; *Ruppert* v. *Brooklyn Hgts. R. R. Co.*, 154 N. Y. 90). Nolan, P. J., Beldock and Christ, JJ., concur; Kleinfeld, J., dissents and votes to affirm the judgment on the ground that the proof is sufficient to present an issue of fact as to whether the negligence of the defendants was a proximate cause of the fire and explosion; and on the further grounds stated by Mr. Justice Pette in his dissenting memorandum. Pette, J., dissents and votes to affirm the judgment, with the following memorandum: Since each of the defendants concededly worked on the furnace before the explosion and fire, and neither objected to the competency of the plaintiffs' expert witness to formulate an opinion with respect to defendants' causal connection with this occurrence, it is my opinion that the trier of the fact was free to ascribe probative value to this expert's opinion. In any event, such opinion could not be arbitrarily disregarded (*Matter of Henry*, 3 N Y 2d 258). The credibility of the expert and the weight and sufficiency of his opinion are for the Trial Justice (*Tubiola* v. *Baker*, 225 App. Div. 420; *Wiesner* v. *City of Albany*, 224 App. Div. 239, 243, affd. 250 N. Y. 551). Moreover, the defendants tried the issue of their causal connection with the explosion and fire on the competing view of a rival expert who assessed their work as unconnected therewith. Defendants' trial counsel in effect agreed that the trier of the fact had to resolve the issue by accepting one expert's opinion and rejecting the other's view. Under the circumstances, where varying inferences of proximate cause were presented, the solution is for the trier of the facts (*Lopez* v. *City of New York*, 4 A D 2d 48, 52, affd. 4 N Y 2d 738). The plaintiffs are under no obligation to exclude or eliminate by their proof "every other possible cause * * * or point out the particular act or omission which caused the injury" (*Trimble* v. *City of New York*, 275 App. Div. 169, 171, motion for leave to appeal denied 299 N. Y. 800; *Wilson* v. *City of New Rochelle*, 285 App. Div. 1059).