■ BENJAMIN GLASER, Respondent, v. PHARMACEUTICALS, INC., Appellant, et al., Defendant.— In an action to recover damages for personal injuries, defendant Pharmaceuticals, Inc., appeals from a judgment of the Supreme Court, Nassau County, entered December 14, 1965 in favor of plaintiff upon a jury verdict. The action was discontinued during trial as against the defendant E. J. Korvette, Inc. Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. Plaintiff allegedly suffered personal injuries following the use of a laxative preparation manufactured by appellant. In substance, the case was submitted to the jury on two theories: (1) negligence in putting an inherently dangerous product on the market; or (2) negligence with respect to the instructions as to its use. In our opinion, however, there was no proof whatever that the product was inherently dangerous (cf. *Sanders* v. *Clairol, Inc.*, 2 A D 2d 857; *Kaempfe* v. *Lehn & Fink Prods. Corp.*, 21 A D 2d 197, 199). Accordingly, since one of the theories was erroneously submitted to the jury, and it is not possible to determine upon which alternative of the charge the jury founded its verdict, the judgment must be reversed, even though there was no exception to the charge (cf. *Zmulczeski* v. *City Center of Music & Drama*, 3 N Y 2d 498, 501; *Hansen* v. *New York City Housing Auth.*, 271 App. Div. 986). We are also of the opinion that the verdict, if based upon a finding of improper instructions as to the use of the product, was against the weight of the evidence (cf. *Kaempfe* v. *Lehn & Fink Prod. Corp.*, *supra*). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.