■ LEO SMITH, Doing Business as CIRCLE COURT MOBILE HOMES, Respondent, v. SQUIRE HOMES, INC. et al., Appellants; CARLTON W. FRUCK et al., Respondents, v. SQUIRE HOMES, INC. et al., Appellants, et al., Defendant.— Judgment unanimously reversed on the law and facts, without costs, and a new trial granted. Memorandum: A mobile home and its contents were totally destroyed by fire in May, 1967. As a result, the owner of the mobile home, plaintiff Smith, doing business as Circle Court Mobile Homes, sued Squire Homes, Inc., the manufacturer, and Lear Siegler, Inc., the maker of the natural gas furnace which came installed in the mobile home, alleging three causes of action against them grounded in (1) negligence, (2) implied warranty, and (3) strict products liability. Carlton and Catherine Fruck, the owners of the personal property, commenced actions in bailment against Smith and in negligence against Smith, Squire Homes, and Lear Siegler. A jury returned a general verdict in favor of 'Smith and Fruck against Squire Homes and Lear Siegler. At the trial the pivotal issue was the proximate cause of the fire. ¶ The plaintiffs introduced evidence to show that the fire started in the gas burner when the gas valve stuck due to an inherent defect in it or because a particle lodged in the valve due to the absence of a sediment trap. To support this theory, plaintiffs offered the testimony of an expert who testified that in his opinion the fire had been caused by a sticking valve 'becoming overheated, melting and causing a "runaway" fire. He specifically stated that the melting would occur in a temperature range of four to five hundred degrees and that such a range of temperature could not be achieved unless there occurred a malfunctioning in the thermostat and limit switches. However, there was no evidence whatsoever that these instruments were not functioning. Thus, the opinion offered by the plaintiffs' expert was based on facts which were assumed and which were neither in evidence nor properly inferrable from facts that were in evidence. The trial court improperly received this opinion testimony. Without it, the record is insufficient to sustain the verdict (*Leonard* v. *Ashley Welding Mach. & Iron Co.*, 11 A D 2d 1073, affd. 10 N Y 2d 993; cf. *Tarlowe* v. *Metropolitan Ski Slopes*, 28 N Y 2d 410, 414). Although there was other evidence from which the jury might have come to the same conclusion, there was also evidence that the fire was caused by a leak in a union made by plaintiff Smith himself, a cause for which defendants would not have been liable. In our view, the erroneous introduction of the expert's opinion prejudiced the defendants in their effort to establish this other cause for the fire. When the precise cause

of the accident is left to conjecture and may be as reasonably attributed to a condition for which no liability attaches as to one for which it does, then the plaintiff is not entitled to recover and the evidence should not be submitted to the jury (*Halsey* v. *Ford Motor Co.*, 24 A D 2d 826, affd. 19 N Y 2d 664). Since proximate cause was a necessary element in each theory alleged against the defendants (1 Hursh, American Law of Products Liability, §§ 1:21–1:29), the verdict cannot stand. ¶ We also conclude that the trial court erred in submitting to the jury Smith's action against Lear Siegler which alleged a breach of implied warranty. Privity is still required in actions against the manufacturer of a component part (*Goldberg* v. *Kollsman Instrument Corp.*, 12 N Y 2d 432). Smith, who purchased the mobile home from Squire Homes was not in privity of contract with Lear Siegler and since Lear Siegler manufactured only a component part of the mobile home, it was not liable to Smith for breach of implied warranty. Thus, the verdict in favor of Smith against Lear Siegler must be reversed, since we are unable to determine whether the jury verdict was founded properly on a theory of negligence or improperly on implied warranty (*Glaser* v. *Pharmaceuticals, Inc.*, 26 A D 2d 688; see, also, *Filanowicz* v. *Guarino*, 27 A D 2d 666). (Appeal from judgment of Erie Trial Term, in action for damage resulting from fire.) Present — Marsh, J. P., Gabrielli, Moule, Cardamone and Henry, JJ.