■ ARTHUR MOHR et al., Respondents, v LONG ISLAND LIGHTING COMPANY, Appellant.—In an action to recover damages for injury to property, defendant appeals from a judgment of the Supreme Court, Nassau County, entered June 19, 1974, in favor of plaintiffs, upon a jury verdict. Judgment reversed, on the law, with costs, and complaint dismissed. The findings of fact are not affirmed. The plaintiffs' damages resulted from fires which occurred on March 5 and 6, 1971 in a house which they had rented. No direct evidence was adduced as to the cause of the fires. The theory of the action is that the fires were caused by the negligence of the defendant in that, in the course of the installation of a new motor for the gas-fired furnace heating unit of the house, certain wires were crossed. Plaintiffs' expert witness testified that the crossed wiring may have affected the proper functioning of the high limit switch of the heating unit. The expert had never examined the switch. His ultimate conclusion that the fires resulted from defendant's negligence was based upon the following assumptions: that the heating unit was left operating on March 5, 1971 when the plaintiffs left on a trip; that the high limit switch was damaged and was not functioning properly on March 5, 1971; and that by reason of the failure of the switch to perform its function, the furnace overheated and flammable materials in the immediate vicinity ignited. Plaintiffs' expert's principal conclusion was reached only by basing it upon unwarranted inferences; it was thus insufficient to establish the defendant's negligence as the proximate cause of the accident (see *Leonard v Ashley Welding Mach. & Iron Co.,* 11 AD2d 1073, affd 10 NY2d 993; *Smith v Squire Homes,* 38 AD2d 879). It is settled law that opinion evidence must be based on facts in the record or personally known to the witness *(Cassano v Hagstrom,* 5 NY2d 643). Defendant's expert witness testified that he had inspected the entire heating unit, including the high limit switch, some time after the fires and found that the switch and the balance of the unit were functioning properly and that there was no thermal damage to any part of the heating unit. Moreover, it is uncontradicted that, on January 20, 1971, six weeks before the fires, defendant's contractor had replaced the defectively wired motor. It is admitted that between that date and March 5, 1971 there had been no trouble with the heating unit. Assuming, *arguendo,* that a sufficient cause of action against the defendant had been proven, we would have ordered a new trial on the law and in the interests of justice, because, under the circumstances of this case, we believe that the trial court should have charged the jury, as requested by the defendant's attorney, concerning the specific theory on which plaintiffs sought to hold defendant liable for the fires. The trial

court's general charge concerning a defendant's liability for its negligence did not refer to the particular facts of this case and the specific theory of liability relied on by plaintiffs (cf. *Meyers v Grand Union Co.,* 26 AD2d 646, 647). Gulotta, P. J., Martuscello, Latham, Margett and Shapiro, JJ., concur.