■ ALEJA CACERES, as Administratrix of the Estate of GUILLERMO CACERES-DIAZ, Deceased, et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant, and MILAGROS ORTIZ, Respondent.—In a wrongful death action, defendant New York City Health and Hospitals Corporation appeals from a judgment of the Supreme Court, Kings County, dated January 31, 1979 which, upon a jury verdict, was in favor of plaintiffs

in the principal sum of $260,000. Judgment reversed, on the law and in the interest of justice, and new trial granted as to all parties, with costs to abide the event. Plaintiffs' action, which was predicated on the alleged negligence of appellant's driver in the operation of a Health and Hospitals Corporation van, was submitted to the jury on several theories, one of which involved a possible violation of subdivisions (a) and (b) of section 1163 of the Vehicle and Traffic Law (dealing with improper turns). Thus, the court charged, inter alia, that "If you find that the defendant violated that statute and if such violation was a proximate cause of the accident, then you will find that the defendant was negligent". A general verdict was returned in favor of the plaintiffs. After reviewing the record, it is our belief that the court erred in submitting this theory of liability to the jury, as there is no evidence that appellant's driver may have violated this section of the law on the morning in question. Accordingly, since it is not possible to determine whether the jury may have relied upon this theory in reaching its verdict, the judgment must be reversed and a new trial granted (see Glaser v Pharmaceuticals, Inc., 26 AD2d 688; see, also, Smith v Squire Homes, 38 AD2d 879). Although we are cognizant of appellant's failure to except to the court's charge, we ascribe to the view recently espoused in Kazales v Minto Leasing (61 AD2d 1039, 1040) that where the error is "fundamental" and the resultant injustice "egregious", we may nevertheless consider the error in the general exercise of our power to reverse and grant a new trial in the interest of justice (see Glaser v Pharmaceuticals, Inc., supra). In our view, the case at bar is such a case. Mangano, Rabin and Gulotta, JJ., concur; Hopkins, J. P., dissents and votes to affirm the judgment.