■ WILLIAM SCHARF, Appellant, v. SHIRLEY MANSON et al., Respondents. — BRINK, J. Appeal from a judgment of no cause of action in favor of the defendants following a verdict of a jury in Supreme Court at a Trial Term in Franklin County, entered on May 3, 1965. Plaintiff testified that on the morning of July 7, 1960, he went out to his garage at the rear of his home and saw a dog in front of the door. He went into the garage, stayed a short time and returned to the yard. The dog was still there and began to snarl and grind his teeth. A statement signed by the plaintiff received in evidence, Exhibit E, said among other things: " I stood back about four feet & put my hand out as a friendly gesture to the dog & the dog snapped at my hand and I started to back up." On the trial, plaintiff repudiated this part of the statement. Plaintiff attempted to ease himself toward the house and before this could be accomplished, the dog leaped on him, causing him to fall and sustain personal injuries. The dog was an Airedale owned by the defendant, Shirley Manson. She had received

several complaints concerning the dog and gave it to the defendant, Sabo, on a trial basis. The defendant, Sabo, who was a proprietor of a hotel prior to the incident involved in this litigation, customarily kept the dog in the apartment or chained outside. At times, his son, 11 years of age, was permitted to take the dog with him. On the day before plaintiff was injured, plaintiff's son asked the defendant Sabo's son if he could have the dog. The two boys then took the dog to plaintiff's wife to ask permission for plaintiff's son to keep the dog. The boy's mother expressed misgivings as to the plaintiff's approval, and the boys tied the dog up in the vicinity for the night. During the night or early the next morning, the dog apparently broke loose. Plaintiff's complaint sets forth two causes of action: the first cause of action alleges the defendants kept, harbored and owned the Airedale dog, knowing that it was of a vicious nature and propensity and disposed to attack, leap and jump at people. The second cause of action charges the defendants with negligence in failing to confine or leash the dog. In the second cause of action, the plaintiff repeated and realleged all of the allegations set forth in the first cause of action in his complaint. The trial court both in its direct charge and by its refusal to charge a request from plaintiff's counsel, indicated it was incumbent upon the plaintiff to prove freedom from contributory negligence. The evidence was sufficient to create questions of fact as to the ownership and control of the dog, the vicious nature of the animal and the defendants' knowledge of the dog's vicious propensities. In this type of action, contributory negligence in its usual sense is not involved. The liability is absolute unless the plaintiff with full knowledge of the evil propensity of the dog either wantonly excites the dog or voluntarily puts himself in the way of the dog thereby bringing the injury upon himself. (*Muller* v. *McKesson*, 73 N. Y. 195; *Molloy* v. *Starin*, 191 N. Y. 21, 25; *People* v. *Sandgren*, 302 N. Y. 331, 339; Restatement, Second, Torts, § 485 [1965].) The submission of the issue of contributory negligence to the jury without qualification by the trial court was erroneous and prejudicial. Judgment reversed, on the law, and a new trial ordered, with costs to abide the event. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur with Brink, J.