WILLIAM J. LAGODA, an Infant, by WILLIAM LAGODA, His Guardian ad Litem, et al., Appellants, *v.* GEORGE DORR et al., Respondents.

Third Department, November 3, 1967.

*Rosen & Rosen* (*Robert M. Rosen* of counsel), for appellants.

*Wiess & Costa* (*Lawrence E. Lagarenne* of counsel), for respondents.

GABRIELLI, J. In this negligence action, the court, following a jury trial, granted the defendants' motion to dismiss the complaint and set aside verdicts (1) in favor of the infant plaintiff in the sum of $1 and (2) in favor of the father in his derivative action in the sum of $1,689.64, being the exact amount of the special damages consisting entirely of medical expenses. At the time motions were made by respondents following the verdict, the infant appellant unsuccessfully moved for, among other things, an order setting aside the verdict in his favor on the ground of inadequacy and for a new trial limited to the issue of damages.

While riding his bicycle on the highway, the infant plantiff was injured when a German shepherd dog owned by the respondents ran out from their home, jumped on the boy knocking him to the ground, from which he sustained serious injuries of considerable duration, resulting in a permanent defect.

In entering judgment in favor of the defendants, the trial court erroneously predicated his decision on the ground that there was insufficient evidence as to previous acts by the dog from which an ordinarily prudent person might conclude that the dog would act in a manner injurious to persons or property.

The testimony showed that on the day of the incident, the dog had been chained to the garage, had freed himself and was again chained; that he had been trained and used as a watchdog; that the respondents knew he had jumped on people prior to the occurrence in question and that it had chased the injured boy on previous occasions.

Respondents quite properly urge that an owner of a domestic animal is liable to one injured by the animal only if it is established that the owner has knowledge of its vicious propensities (*Stevens* v. *Hulse*, 263 N. Y. 421), but it is likewise true that the vicious propensities which go to establish liability include a propensity to do *any* act which might endanger another (*Shuffian* v. *Garfola*, 9 A D 2d 910) and it has been held that these propensities may include jumping on people (*Shain* v. *Crausman*, 3 N Y 2d 764). The doctrine that every dog is entitled to " one free bite ", if it ever prevailed in this State, is no longer followed (*Kennet* v. *Sossnitz*, 260 App. Div. 759). The gravamen of the action is the knowledge of

the owner that the dog was possessed of vicious or mischievous propensities (*Lier* v. *Bloomingdale Bros.*, 274 App. Div. 918). That the danger was foreseeable is clear from the dog's conduct prior to the unfortunate event (*Shain* v. *Crausman, supra*). Here the jury was entitled to reach the conclusion that the dog possessed the propensities essential to impose liability and that the owner knew of them. Moreover, the circumstance that the owner found it necessary to keep the dog tied up and took precautions to restrain it, is further evidence of knowledge of the dog's propensities (*Brice* v. *Bauer*, 108 N. Y. 428, 432; *Hahnke* v. *Friederich*, 140 N. Y. 224). We would further observe that all the issues raised on appeal relating to liability are purely factual questions which the jury quite properly resolved and, as such, will not be disturbed.

In the infant's case, however, the verdict for damages was shockingly contrary to the weight of the evidence as inadequate to the extent hereinafter indicated. Here the issues of liability and damages were not so entwined or interwoven as to require a new trial on both issues. The jury by a general verdict determined the liability issue in favor of plaintiffs and there is no meaningful reason to believe that a jury, on a retrial of the issue of liability, would properly reach a different result. The power of the court is to be exercised in the interests of justice and when, in the exercise of sound discretion, such interests so require, the retrial should be had solely on the damage issue.

The order which granted defendants' motion to set aside the verdicts and to dismiss the complaint should be reversed, on the law and the facts, motion denied, and verdicts reinstated. The judgment should be reversed, on the law and the facts, and a new trial, limited to the issue of damages to the infant plaintiff, ordered, with costs to plaintiff to abide the event; unless defendants, within 20 days after service of the order to be entered hereon, shall stipulate to increase the verdict to $6,000, in which event judgment shall be entered in favor of the infant plaintiff for $6,000, and in favor of the plaintiff parent in the amount of $1,689.64, with costs, and judgment, as so entered, affirmed, with costs in this court to appellants.

GIBSON, P. J., HERLIHY and AULISI, JJ., concur; REYNOLDS, J., concurs in the result.

Order which granted defendants' motion to set aside the verdicts and to dismiss the complaint reversed, on the law and the facts; motion denied, and verdicts reinstated. Judgment reversed, on the law and the facts, and a new trial, limited to

the issue of damages to the infant plaintiff, ordered, with costs to plaintiff to abide the event; unless defendants, within 20 days after service of the order to be entered hereon, shall stipulate to increase the verdict to $6,000, in which event judgment shall be entered in favor of the infant plaintiff for $6,000 and in favor of the plaintiff parent in the amount of $1,689.64, with costs; and judgment, as so entered, affirmed, with costs in this court to appellants.