■ Angus MacIver et al., Appellants, v. Julia Lyon, Respondent.— Judgment and order unanimously reversed, on the law and facts, with costs, and a new trial granted on the issue of damages only. Memorandum: Plaintiff husband was injured in an intersection automobile accident on July 7, 1967. He received a verdict therefor in the sum of $2,200 which excluded recovery for pain, suffering and disability by reason of his two operations for removal of ulcers and for the expenses he incurred in connection therewith. A verdict for plaintiff wife in her derivative action excluded her additional loss of consortium by reason of those operations and her alleged out-of-pocket expenses for certain labor incurred because of her husband's disability. Defendant does not appeal from the jury's finding of liability, and there is no doubt of the propriety of that finding. Plaintiffs appeal from the order denying their motion to set aside the verdicts as inadequate and from the judgment entered upon those verdicts. The evidence shows that for many years prior to the accident plaintiff husband had had a chronic ulcer for which he used medicine from time to time but which had been quiescent for at least three months prior to the accident. The apparent physical injuries which he received in the accident were cuts, fractured ribs and leg, hip and pelvic damage. He was taken by ambulance from the accident scene to the emergency room of a hospital where he spent four and one-half hours and was sent home. Because of extreme pain, especially in his hip and leg, his personal physician attended him at home the next day and again on the day thereafter, when he was sent to a hospital, where he remained for nine days. There he complained to his doctor and to a surgeon, called in by his doctor, about stomach pain and gas. X-rays were taken of his chest, pelvis, leg and stomach, the latter revealing his chronic ulcer. He was treated for the ulcer as well as for the other

injuries. On leaving the hospital his doctor found his stomach condition better, and a month later he found it to be "quite good". Plaintiff testified that although he returned to work on a part-time basis six weeks after the accident, he was having nausea and stomach pain and began "throwing up", and his ulcer condition continued to cause him discomfort thereafter. In October, 1967 plaintiff had more stomach distress and the doctor prescribed a bland diet. Three and one-half months later plaintiff had further stomach pain and black bowel movements, indicating stomach bleeding, and so his medicine was changed. The next month his doctor recommended a stomach operation for removal of the ulcer. The operation was performed in mid-April, 1968 by the surgeon who had seen him at the hospital the previous July. For six months or so after the operation plaintiff progressed well without ulcer symptoms, but in November, 1968 his stomach discomfort and nausea returned and he was again given medication and placed on a bland diet. In March, 1969 he became critically ill with stomach pain and a perforated ulcer in the intestinal wall. He was again hospitalized and underwent a second operation in which the ulcer was removed. Both doctors testified that the accident was the cause of the reactivation of plaintiff's ulcer and his need of the two operations. Defendant introduced no evidence in contradiction of the testimony of plaintiff and his doctors regarding his ulcer condition and the cause of its aggravation and the operations. If causally related, plaintiff, of course, is entitled to recover for damages resulting from an aggravation of a pre-existing condition (see *Poplar* v. *Bourjois, Inc.*, 298 N. Y. 62, 67–68). The court charged the jury to determine whether the operations and expenses thereof were causally related to the accident. In its verdicts the jury noted that defendant was being charged for plaintiff's damages only through the first hospitalization and recovery period, that is, not for aggravation and treatment of the ulcers. The jury was the judge of the credibility of plaintiff and his expert witnesses and the weight to be given to their testimony (*Commercial Cas. Ins. Co.* v. *Roman*, 269 N. Y. 451, 456–457; *Ensign* v. *New York Life Ins. Co.*, 204 App. Div. 690: PJI 1:90). Therefore, in the absence of trial error the verdicts must stand unless they are against the weight of the credible evidence. In our view, the evidence that the accident aggravated plaintiff's ulcer condition, standing completely undenied, is so direct and consistent that upon this record the verdicts to the contrary are against the weight of the credible evidence. With respect to the evidentiary point, that is, the exclusion from the jury's consideration of plaintiff wife's claim of out-of-pocket expenses in the sum of $891.37 in hiring workmen to renovate two parcels of real property which she had recently inherited, the evidence is that at the time of the accident her husband was in the process of doing that work and was unable to continue with it thereafter. In order to prepare the properties for rental plaintiff wife was, therefore, required to hire others to do the work. It is her contention that except for the accident she would not have incurred that expense. Since a wife is entitled to the benefit of her husband's services (see *Millington* v. *Southeastern Elevator Co.*, 22 N Y 2d 498) and to be compensated for any actual loss occasioned by another's negligence (9 N. Y. Law of Damages, § 2), it was error for the court to exclude her evidence tending to prove such loss. The credibility of the witnesses and weight to be given such evidence presented jury questions. (Appeal from part of judgment and order of Niagara Trial Term in automobile negligence action.) Present — Marsh, J. P. Witmer, Cardamone, Simons and Henry, JJ.