■ LISA MORALES et al., Appellants, v CEFERINO QUINONES et al., Respondents.—Judgment of the Supreme Court, Bronx County, entered June 20, 1978, on the issue of liability only, unanimously reversed, on the law, and the matter remanded for a new trial, with costs and disbursements to abide the event. The infant plaintiff, age eight, while visiting relatives, was allegedly bitten by a dog owned by the relatives' neighbor. Plaintiffs' main point on appeal is that the court disregarded plaintiffs' request to direct the attention of the jury to the age of the infant and the standard of conduct required of such infant at the time of the occurrence. Liability in vicious propensity or dog bite cases is "absolute" *(People v Sandgren,* 302 NY 331, 339) and is not dependent upon proof of negligence in the manner of keeping the animal *(Molloy v Starin,* 191 NY 21, 25; *Lynch v McNally,* 73 NY 347, 349; *Muller v McKesson,* 73 NY 195, 199). The keeping of the animal, knowing its vicious propensities, is the gravamen of the offense *(Muller v McKesson, supra,* p 200). However, a dog owner is relieved of liability if it can be shown that the injured plaintiff had full knowledge of the dog's vicious propensities and voluntarily brought about the injury *(Di Grazia v Castronova,* 48 AD2d 249, 251). After describing the circumstances under which vicious propensity was or was not to be found, the court directed the jury's attention to defendants' claim that the infant voluntarily brought her injuries upon herself. The court then charged: "If you find that, with *full knowledge of the dog's propensities,* the infant placed her arm through the fence in an attempt to pet this dog and enticed the animal and *thus brought about her own injuries,* you may bring in a verdict for the defendant. If you find the defendants' dog had vicious propensities and the defendants had knowledge of such propensities or that a reasonably prudent person would have had such knowledge, your verdict will be for the plaintiff, unless, of course, you find that Lisa Morales brought about her own injuries under the conditions I have just stated." (Italics added.) We

---

agree with plaintiffs that the charge did not go far enough. In determining whether the infant plaintiff "with full knowledge of the dog's propensities * * * brought about her own injuries" the court should have instructed the jury that the infant's age of eight was a factor to consider and that her conduct should be measured, not by the standard expected of an adult person, but by the care which a reasonably prudent child of that age, experience and intelligence would exercise under the same circumstances (*Eagle v Jannoff,* 12 AD2d 638). Concur—Murphy, P. J., Birns, Bloom, Markewich and Silverman, JJ.