■ THEODORE WHEATON et al., Respondents, v WALTER GUTHRIE, Appellant. (Appeal No. 1.) — Appeal unanimously dismissed as moot. (Appeal from judgment of Supreme Court, Wyoming County, Purple, J. — negligence.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Denman, JJ.

■ THEORDORE WHEATON et al., Respondents-Appellants, v WALTER GUTHRIE, Appellant-Respondent. (Appeal No. 2.) — Order and amended judgment unanimously modified in accordance with memorandum and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Wyoming County, for a new trial on the issue of damages. Memorandum: Plaintiffs Hazel and Theodore Wheaton brought this action to recover for injuries sustained by Hazel Wheaton in an incident involving defendant's Labrador Retriever, Kuro. The case was tried by a jury which returned a verdict in the amount of $70,000 for Hazel and $50,000 for Theodore on his derivative action. The court granted defendant's motion to set aside the verdict to the extent of setting aside the verdict for Theodore and an amended judgment was entered thereon. Defendant appeals and plaintiff cross-appeals from that amended judgment. Plaintiffs own and operate a dairy farm. Hazel Wheaton testified that she and her husband had recently acquired Ginger, a female German Shepherd, who at the time of the incident was in heat. On the evening in question, while Ginger was chained to a fuel tank in the Wheatons' yard, Kuro came into the yard and attempted to mate with her. Hazel went out to unhook the chain in order to take Ginger inside. While stooping to unfasten the chain, she was knocked over. Apparently rendered unconscious for a few moments, she awoke to find

herself lying on the ground with her right shoulder on some cinder blocks and Ginger standing over her licking her hand. As a result of the fall, she sustained permanent injuries to her right arm which restricted its use. The Judge properly charged the jury on the essential elements of a strict liability "vicious dog" cause of action, as well as on plaintiff's burden of proof. In determining if that burden was met, we must view the evidence most favorably to plaintiffs (*Ferrer v Harris,* 55 NY2d 285, 290; *Caprara v Chrysler Corp.,* 52 NY2d 114, 118). Thus viewed, the proof established that Kuro was the dog involved and that he had a vicious propensity known to defendant. A vicious propensity is the tendency of a dog to do an act which might endanger another (*Morales v Quinones,* 72 AD2d 519; *Lagoda v Dorr,* 28 AD2d 208; *Scharf v Manson,* 27 AD2d 613). The testimony established that Kuro was in the habit of straying from defendant's home onto the property of others and that, on at least one occasion, he had jumped at a neighbor on a bicycle, causing him to fall. Although disputed at trial, there was sufficient evidence for the jury to find that defendant had notice of Kuro's prior conduct, and thus, his vicious propensity (*DiGrazia v Castronova,* 48 AD2d 249; *Buchholz v Shapiro,* 48 AD2d 694; *Scharf v Manson,* 27 AD2d 613, *supra*). The most critical element was the requirement that the dog's known vicious propensity be the cause of the injury. While the proof in this respect was slight and subject to more than one interpretation, it was a question for the jury (*DiGrazia v Castronova,* 48 AD2d 249, 253, *supra; Lagoda v Dorr,* 28 AD2d 208, 210, *supra*). It cannot be said that there is no permissible inference which could have rationally led to the jury's verdict and we are not inclined to disturb it merely because other inferences could be drawn (*Delgado v Board of Educ.,* 48 NY2d 643; *Cohen v Hallmark Cards,* 45 NY2d 493). There must, however, be a new trial on the issue of damages under Theodore Wheaton's derivative action. The court vacated that award, but for the wrong reason. The value of Hazel's services could properly be claimed as a part of her husband's derivative claim. The spouse of an injured plaintiff may properly recover for the loss of services that could reasonably be expected absent the injuries (*MacIver v Lyon,* 43 AD2d 806), and such loss may include the services rendered in the conduct of a family operated business (Fuchsberg, NY Damages, § 1219, pp 336-337; 7B Warren's Negligence, Damages, Injuries to Wife, § 1.04, pp 118-119). It was error, however, to admit the testimony of plaintiff's experts since it was not based on facts presented at trial (*Pereira v Herman Constr. Co.,* 74 AD2d 531, 535; *Cooke v Bernstein,* 45 AD2d 497, 500; *Smith v Squire Homes,* 38 AD2d 879). Plaintiffs' experts established the cost of hiring a full-time farm laborer on an average dairy farm in New York State in order to replace Hazel. Not only was there no evidence that such person had been hired, but the record does not support the view that Hazel had been rendering services equivalent to those of a full-time farmworker. In fact, the testimony of both Hazel and her husband was to the contrary. They testified that Hazel had performed only limited and light duties on the family farm, not the range of work that would be expected from a full-time hired hand. "Evidence of the value of services of a different kind or class is not relevant on the question as to the value of the services involved" (Fuchsberg, NY Damages, § 202, p 205). Defendant contends that Theodore did not adequately plead a claim for the loss of Hazel's services. Plaintiffs' response to defendant's demand for a bill of particulars gave adequate notice of their claim, and was a "good faith" attempt to comply with the requirements of CPLR 3043 (subd [a], par [9]). The value of those services was a contested issue at trial, and defendant had means available to further explore that claim (*Randall v Pech,* 51 AD2d 864). Recognizing the liberal policy with regard to amending pleadings under the provisions of CPLR 3025

(subd [b]), we find plaintiffs could properly have been permitted to amend their pleadings to include Theodore's claim for loss of Hazel's services. Finally, we note that the court properly permitted plaintiffs to increase their *ad damnum* clause prior to trial (*Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18). (Appeals from order and amended judgment of Supreme Court, Wyoming County, Purple, J. — amend judgment, set aside verdict.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Denman, JJ.