■ Jo Ann Fontecchio et al., Respondents, v Lena Esposito, Appellant, et al., Defendant. — In an action to recover damages for personal injuries, etc., resulting from a dog bite, the defendant Esposito appeals from a judgment of the Supreme Court, Westchester County (Ruskin, J.), dated April 26, 1983, which, after a jury trial, is against her and in favor of the plaintiff Jo Ann Fontecchio in the principal sum of $240,000 and in favor of the plaintiff Albert Fontecchio in the principal sum of $70,000.

Judgment reversed, on the law and the facts, and new trial granted, limited to the issue of damages only, with costs to abide the event. The findings of fact as to liability are affirmed.

The proof established that defendant Esposito was taking care of her father's dog while her father was on vacation at the time the incident occurred. Plaintiffs, defendant Esposito, and the owner of the dog all lived in close proximity to one another. There was testimony that the dog growled and charged at the fence whenever persons passed by his owner's property; that on

one occasion the dog broke loose from his owner, bit the mail-man's pouch, and had to be pulled away; and that on another occasion, the dog lunged at the fence and snapped at a child who was walking on the public sidewalk. The dog constantly barked, exposed his teeth, and strained at his leash. The above evidence was sufficient to establish that the dog possessed vicious propensities, in that he habitually tended to do acts which might endanger persons (see, Wheaton v Guthrie, 89 AD2d 809; Morales v Quinones, 72 AD2d 519; Lagoda v Dorr, 28 AD2d 208). Although disputed at trial, there also was sufficient evidence for the jury to find that appellant knew of the dog's prior conduct and, thus, of his vicious propensities (Wheaton v Guthrie, supra). There was evidence that appellant knew that her father kept the dog chained up outside in his enclosed yard, that she admitted that she did not trust the dog around her children, and that she saw the dog on a daily basis when her father came to visit (see, Russell v Lepre, 99 AD2d 489; Lagoda v Dorr, supra; Shuffian v Garfola, 9 AD3d 910). This evidence was sufficient to warrant the jury's verdict in favor of the plaintiffs and against appellant.

However, the damage awards of $240,000 to Mrs. Fontecchio for her injury and $70,000 to her husband for loss of services are so excessive as to shock the conscience (see, Senko v Fonda, 53 AD2d 638). Mrs. Fontecchio's physical injuries consisted of nothing more than a bite on the arm which healed shortly after the incident, leaving a "faint to almost non-existent" scar. Medical treatment for the wound was given at a hospital emergency room where a doctor or nurse gave her a tetanus shot, "checked the wound out * * * cleaned it and put some stuff with a bandage on it". While there was medical testimony to the effect that she developed a dog phobia as a result of the dog-bite incident, it came from a physician who examined her on only one occasion, at the request of her attorney, more than four years after the incident.

On cross-examination, the physician conceded that it was impossible to objectively verify whether a patient is accurately reporting the facts and that it is necessary to rely exclusively on what the patient relates to make a diagnosis. He added that there was no reason why Mrs. Fontecchio would be unable to work because a phobia incapacitates a person only in the "social interpersonal sense" and that working would be therapeutically beneficial.

We note that Mrs. Fontecchio's treating physicians did not testify and there was conflicting testimony as to whether she also developed an anxiety neurosis or whether such neurosis preexisted the dog bite. In any event, the damage awards grossly

exceeded any reasonable compensation for such injuries since the evidence showed that Mrs. Fontecchio was able to perform most of her household duties and work full time, and that she was learning how to cope with her phobia by participating in a self-help clinic for phobics run by the White Plains Mental Health Hospital (*see, Palmer v Wright & Kremers,* 62 AD2d 1170; *Riddle v Memorial Hosp.,* 43 AD2d 750). Since it is impossible to determine whether the awards were purely compensatory or whether they were punitive or sympathetic in nature, we are compelled to remit the matter for a new trial with respect to the issue of damages only. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.