■ HARRY A. COLANGIONE, SR., Appellant, v STATE OF NEW YORK, Respondent.—Crew III, J. Appeal from a judgment in favor of the State, entered June 26, 1992, upon a decision of the Court of Claims (E. Margolis, J.).

On July 8, 1988, claimant was injured while alighting from a boat docked at the Red Rock Bay camping area on Lake George in Washington County. To disembark, claimant stood on the gunwale, placed his right hand on the railing and "hopped" or jumped down approximately 20 inches to a dock built and maintained by the State. As claimant landed on the decking of the dock, which was built with pressure treated two-by-eight-inch No. 2 southern yellow pine boards, one of the boards broke and claimant's leg fell through, resulting in a broken fibula.

Claimant's theory at trial was that the State was negligent in, *inter alia,* its design, construction and/or maintenance of the dock. Specifically, claimant contended that because the board in question contained a large knot, it had been misgraded and the State, through the exercise of reasonable care, should have discovered and remedied the alleged defect. During trial, claimant was permitted to amend his claim to include a cause of action for breach of implied warranty of fitness based upon the rental fee paid and permit received for the dock space. The Court of Claims thereafter concluded that

even assuming the board in question was improperly graded, the State's carpenters were not negligent in relying upon the grade stamped on the lumber and, further, that the State, as a landowner, had exercised reasonable care under the circumstances. The Court of Claims also found that claimant had abandoned his breach of warranty claim by failing to raise it in his posttrial brief. The claim was dismissed in its entirety and this appeal by claimant followed.

There should be an affirmance. Although this Court may render judgment as warranted by the record, we are well aware that the Court of Claims had the advantage of observing the witnesses firsthand and are therefore reluctant to disturb any findings based solely upon credibility *(De Luke v State of New York,* 169 AD2d 916, 917; *see, Cipriano v State of New York,* 171 AD2d 169, 172, *lv denied* 79 NY2d 756). As a landowner, the State has a duty to use reasonable care under the circumstances in maintaining its property in a safe condition *(see, Basso v Miller,* 40 NY2d 233, 241; *Walter v State of New York,* 185 AD2d 536). While the Court of Claims may have misconstrued some of the testimony regarding, *inter alia,* the manner in which claimant's accident occurred, the record fully supports its determination that the State did not breach its duty of care to claimant.

Both expert witnesses agreed that No. 2 southern yellow pine was appropriate for building this type of dock and that the maximum permissible knot size for a two-by-eight-inch No. 2 structural grade board was 2½ inches for an edge knot and 3½ inches for a center knot. Claimant's expert, utilizing grading rules established by the Southern Pine Inspection Bureau, measured the knot to be four-by-six inches and thus concluded that the board did not conform to No. 2 structural grade standards. The State's expert, utilizing standards adopted by the American Society for Testing Materials, measured the knot to be 3 by 2½ inches. Additionally, he testified that although the knot was slightly off center, it was not an edge knot and, therefore, fell within the permissible range of knot sizes for No. 2 southern yellow pine board. Upon examining the board in question and giving due deference to the credibility determination made by the trier of fact, we are unwilling to disturb the Court of Claims' finding that the knot was within the allowable limits for No. 2 structural grade lumber.

Assuming, arguendo, that the board was improperly graded, there is nevertheless no basis for imposing liability upon the State. Although claimant's expert maintained that an experi-

enced carpenter should have recognized the knot as a large defect in the board, he conceded that builders generally rely upon the grade stamped on the lumber by the mill. Moreover, the State's expert and Donald Berthiaume, a State employee with 18 years of experience as a carpenter, both testified that it was not the custom and practice in the building trade to reinspect structurally graded lumber on site. Thus, there is ample testimony to support the Court of Claims' finding that the State's carpenters were not negligent in relying upon the grade stamped on the lumber at the mill. Finally, in light of the fact that the dock was routinely inspected on a semiannual basis and given the apparent lack of similar dock-related accidents, we are of the view that the State exercised reasonable care under the circumstances in maintaining this property. Accordingly, claimant's negligence cause of action was properly dismissed.

Although we disagree with the Court of Claims' finding that claimant abandoned his breach of warranty cause of action, we nevertheless conclude that based upon a review of the record before us this cause of action must be dismissed. While there is an implied warranty of fitness in contracts governing the sale or lease of chattels (see generally, Winckel v Atlantic Rentals & Sales, 159 AD2d 124, 127-129), we are of the view that the dock constituted a fixture to real property (see generally, 59 NY Jur 2d, Fixtures, §§ 2-7, at 608-616) and, hence, is not the proper subject of a bailment (see, 9 NY Jur 2d, Bailments and Chattel Leases, § 2, at 10). Moreover, the exclusive possession, control and dominion over the dock necessary to give rise to a bailment is lacking here (see, 9 NY Jur 2d, Bailment and Chattel Leases, § 13, at 22-24). We have examined claimant's remaining contentions and find them to be without merit.

Mikoll, J. P., Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.