■ JAMES LeGRAND et al., Appellants, v STATE OF NEW YORK, Respondent. [600 NYS2d 505] —Crew III, J. Appeal from a judgment of the Court of Claims (E. Margolis, J.), entered November 8, 1991, which dismissed the claim.

Claimant James LeGrand (hereinafter claimant) was seriously injured on November 1, 1982 when a 1966 Mack truck he was operating overturned at or near the intersection of Highland Road and State Route 37 in the Town of Massena, St. Lawrence County. The accident occurred at about 6:30 A.M. as claimant was proceeding easterly on Route 37, a four-lane highway separated by a grass median. At the time it was raining and the highway was wet. As claimant approached the intersection of Route 37 and Highland Road at a speed of approximately 45 to 50 miles per hour, the traffic light changed from green to yellow. As claimant down-shifted and applied his brakes, his truck began to slide onto the south shoulder of the highway. The truck then veered to the north across both eastbound lanes of travel and overturned in the median.

At trial, claimant contended that his truck left the paved shoulder of the road and dropped a foot into a "drop inlet" drainage facility requiring that he "yank" the steering wheel to the left in order to reenter the roadway. The State maintained that the truck never left the roadway beyond the paved right shoulder and that any claimed negligence in the construction or maintenance of a "drop inlet" drainage facility

beyond the shoulder of the road was not a proximate cause of the accident. The Court of Claims accepted the State's argument and dismissed the claim. This appeal has ensued.

There should be an affirmance. Although this Court may render judgment as warranted by the record in this nonjury case (see, Kandrach v State of New York, 188 AD2d 910, 912-913), the Court of Claims had the advantage of observing the witnesses firsthand and we are, therefore, reluctant to disturb any findings based solely upon credibility (see, Colangione v State of New York, 187 AD2d 844, 845).

Claimant testified that at the time of the accident, he had been working for the truck's owner for approximately a month and had taken about seven trips. He further testified that he was traveling about 45 to 50 miles per hour as he approached the intersection, it was raining and the road was wet but not flooded. As the light changed from green to caution, he braked and the truck began sliding through the intersection. The truck then veered to the right onto and off the shoulder, dropping down about a foot into a ditch or ravine. That caused claimant to panic and yank the steering wheel to the left, whereupon he lost control of the truck causing it to overturn. There was also evidence that claimant was an inexperienced commercial truck driver having never had any formalized training. The evidence further revealed that he had been driving for approximately 18½ hours prior to the accident with but three brief breaks.

State Police Zone Sergeant Richard Shippey testified that he responded to the accident scene where he observed the overturned truck. He testified that he observed tire marks proceeding easterly along the shoulder of Route 37, a distance of 100 feet, whereupon they veered left across both driving lanes and into the median where he found the truck overturned. Shippey further testified that the tire marks he observed never left the shoulder and that there were no marks in the grassy area to the right of the shoulder where the "drop inlet" drainage facility was located. Claimant's own expert conceded that the truck would have left wheel or track marks in the dirt near the "drop inlet" drainage facility had it left the shoulder of the road. Giving due deference to the credibility determinations made by the trier of fact, we are unwilling to disturb the Court of Claims' finding that claimant's truck did not leave the shoulder of Route 37 and, therefore, that the alleged negligent construction or maintenance of the "drop inlet" drainage facility was not the proximate cause of the accident and claimant's injuries.

Weiss, P. J., Mikoll, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.