■ In the Matter of THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HORVATH, JR., Appellant. [613 NYS2d 721] —Weiss, J. Appeal from an order of the County Court of Ulster County (Vogt, J.), entered December 14, 1993, which affirmed an order of the Village Court of the Village of Ellenville in favor of petitioner.

On August 6, 1993 a male Rottweiler dog owned by respondent, barking fiercely, broke loose from its chain and charged across the street toward two young children who were walking a small Pekinese dog on a leash. The unprovoked attack caused the children to flee in hysteria to safety, abandoning the Pekinese. The Rottweiler seized the small dog and mauled

it to death. As a result of the attack, a complaint was filed pursuant to Agriculture and Markets Law § 121, and following a hearing Village Court determined that the Rottweiler was a dangerous dog and ordered it destroyed. Following affirmance by County Court, this appeal ensued.

Respondent contends that because the complaint fails to specifically allege an attack upon a person or an attack, chasing or worrying of a domestic animal within the meaning of Agriculture and Markets Law § 121, and because the Pekinese was not a domestic animal as defined by Agriculture and Markets Law § 108 (7), it fails to state a cause of action. However inartfully drafted, the complaint makes reference to the overall attack which included the two children and was sufficient to place respondent on notice of the event at issue and the relief being sought. Had respondent objected to the technical defect before Village Court, the pleading could have been timely corrected (see, CPLR 405). The hearing focused on the entire attack and no substantial right of respondent was prejudiced. The pleading was liberally construed and the technical defect properly ignored (see, CPLR 3026). Both Village Court and County Court clearly found that the Rottweiler's attack was against the two boys and the Pekinese, a finding fully supported by the record. Giving due deference to Village Court, which viewed the witnesses firsthand (see, Colangione v State of New York, 187 AD2d 844, 845), we decline to disturb the factual findings (see, LeGrand v State of New York, 195 AD2d 784, 785, lv denied 82 NY2d 663).

Respondent further contends that the determination to destroy the Rottweiler was inappropriate and excessive in light of less drastic remedies available to achieve the desired result, the protection of the general public. Based upon the entire record, however, we find no abuse of discretion.

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.