■ LORI M. NEWLAND, Appellant, v STATE OF NEW YORK, Respondent. [614 NYS2d 69] —Weiss, J. Appeal from a judgment in favor of the State on the issue of liability entered March 23, 1993, upon a decision of the Court of Claims (Hanifin, J.) following a bifurcated trial.

Claimant was injured on August 14, 1988 when her compact sedan left the westbound passing lane of State Route 17 in the Town of Hancock, Delaware County, skidded into the grassy median and overturned. Claimant alleged that vertical differences between the travel lane and passing lane were excessive and constituted the proximate cause of the loss of control of her vehicle when she changed her lane of travel. After a trial on the issue of liability, the Court of Claims rejected claimant's theory, finding it to be essentially unsupported by the credible evidence, and instead accepted a version based, in part, upon an eyewitness account by the driver of another vehicle which had been behind claimant and approaching her vehicle when she left the highway. That witness testified that claimant was traveling in the passing lane without a lane change or any abnormal circumstances until her vehicle began to drift toward the median.

The Court of Claims found that there were elevation differences between the travel lane and the passing lane on a portion of the highway more than 600 feet before the location of the skid mark which would have warranted a sign warning of a rough road. The Court of Claims concluded, however, that the rough road was not a cause of the accident, and therefore the lack of a warning sign, though negligence, was not a proximate cause of the accident *(see, Stanford v State of New York,* 167 AD2d 381, *lv denied* 78 NY2d 856). Moreover, the Court of Claims found that based on the State's accurate engineering measurements, the greatest elevation difference within the "rough road" section allegedly causing the accident was only three fourths of an inch more than acceptable alignment differences, substantially less than the estimates relied upon by claimant. Notably, neither of claimant's experts made specific measurements of the lane elevation, relying instead on observations, and their testimony therefore lacked probative value *(see, Bradley v State of New York,* 132 AD2d 816, 819; *Saulpaugh v State of New York,* 132 AD2d 781, 782-783).

As with any nonjury trial determination, this Court may render a judgment as warranted by the record *(see, LeGrand v State of New York,* 195 AD2d 784, 785, *lv denied* 82 NY2d 663). However, the Court of Claims had the advantage of observing the witnesses firsthand and was in a better position to assess the evidence and weigh credibility *(see, Niles v State of New York,* 201 AD2d 774). In this regard, the Court of Claims' findings are entitled to some deference *(see, Colangione v State of New York,* 187 AD2d 844, 845; *Saulpaugh v*

*State of New York, supra,* at 782). Our review of the record confirms the presence of significant weaknesses in claimant's proof and strong evidence to support the Court of Claims' findings. Accordingly, we find no reason to disturb the judgment in favor of the State.

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.