OPINION OF THE COURT
Thomas A. Dickerson, J.
Bianca and Pepe are diminutive, curly coated Bichon Frises and are, respectively, 9 years old and 3 years old. Bianca and Pepe are owned by the plaintiffs, Dusolina and Alfred Nardi (the Nardis), and reside with them at the Nardis’ home at 95 Rockledge Road, Yonkers, New York.
Ace is a large 5-year-old German Shepherd weighing 110 pounds. Ace is owned by the defendant, Maureen Gonzalez (Mrs. Gonzalez), and until recently resided at the Gonzalez home at 117 Rockledge Road, Yonkers, New York.
*337 On March 24, 1993 and again on June 16, 1994, Mrs. Gonzalez allowed Ace to run loose without a leash. On these two occasions Ace entered onto the Nardis’ property and viciously attacked Bianca causing severe injuries. On both occasions, Bianca was taken to a veterinarian for treatment of the wounds inflicted by Ace. The veterinarian bills were $392 for the March 24, 1993 attack and $182 for the June 16, 1994 attack.
On June 22, 1994 the Nardis commenced a lawsuit before this court seeking damages for the injuries sustained by Bianca and themselves. After a trial held on October 26, 1994, this court (Smith, J.) found Ace and its owner Mrs. Gonzalez responsible ("Considering the disparate sizes of the animals and all the circumstances”) for the injuries inflicted upon Bianca ("Ace bit [Bianca] causing bite wounds and bleeding”) and awarded damages of $524.
On February 4, 1995, Pepe, the younger Bichon Frise, was with his owner, Alfred Nardi, who was in his driveway shoveling snow. Ace suddenly appeared, sniffed Pepe and then, without provocation, viciously attacked and mauled Pepe. Alfred Nardi chased Ace away and took Pepe to the veterinarian. Pepe remained hospitalized for four days undergoing surgery. The photographs introduced at trial show a 10-inch gash held together with surgical staples running from Pepe’s stomach to his back. The veterinarian bills for Pepe’s hospitalization, care and treatment were $819, considerably more than those incurred by Bianca just the year before.
DISCUSSION
In this action, the plaintiffs seek damages to include the costs of veterinarian services ($819), two days lost wages in caring for Pepe ($156) and all other appropriate damages. In response Mrs. Gonzalez stated that she had built a fence around her backyard to keep Ace enclosed. Unfortunately, Ace escaped from the enclosure on February 4, 1995, went to the Nardis’ house and mauled Pepe. Based upon the facts of this case the court finds that plaintiffs have stated a cognizable cause of action for strict liability for injuries caused by a vicious and dangerous dog.

Good Dogs and Bad Dogs

Dogs can be wonderful companions and loyal guardians. On occasion, however, dogs can also be vicious animals that annoy *338 and wound men, women and children. Cases involving vicious and dangerous dogs, typically, seek one of two forms of relief.
First, dog cases will seek to invoke the protection of a public safety statute (see, e.g., Giandalone v Zepieri, 86 Misc 2d 79 [1976] [Agriculture and Markets Law § 116; 250 lb. Great Dane bites and chases men, confinement ordered]; Matter of Brooks v Hemingway, 107 Misc 2d 190 [1980] [Agriculture and Markets Law § 121; 100 lb. Golden Labrador-Malamute (Jimbo) attacks boy, confinement ordered]; People v Horvath, 205 AD2d 927 [1994] [Agriculture and Markets Law § 121; Rottweiler chases two children and kills Pekinese, destruction ordered]; Reda v Department of Health, 137 Misc 2d 61 [1987] [New York City Health Code § 161.07 (a); King bites three people within 24 months, destruction ordered]; Amado v Estrich, 182 AD2d 1109 [1992] [violation of town leash law; Golden Retriever (Bogart) knocks bicyclist down]).
Second, dog cases will seek monetary damages (see, e.g., Coleman v Blake, 128 NYS2d 780, 781-782 [1954] ["Mrs. Coleman proffered the dog a bit of cheese. Man’s best friend rewarded her affection by taking a bite out of her proboscis, and in so doing nipped a beautiful friendship in its origin”, damages of $7,500 for injuries, medical expenses and loss of earnings]; Fontecchio v Esposio, 108 AD2d 780 [1985] [dog bites woman, damages of $240,000 and $70,000 reversed as excessive]; Zager v DiMilia, 138 Misc 2d 448 [1988] [McDuff bites Tucker, damages limited to veterinarian bills, no punitive damages without evidence of prior known bites]; Corso v Crawford Dog & Cat Hosp., 97 Misc 2d 530 [1979] ["a pet is not just a thing but occupies a special place somewhere in between a person and a piece of personal property”, damages of $700]; Fowler v Town of Ticonderoga, 131 AD2d 919 [1987] [dog shot by Dog Control Officer, no damages for owner’s psychic trauma]).

Some Dogs More Vicious Than Others

Some dogs can be more vicious and dangerous than others. For example, German Shepherds are large, intelligent and strong and, if trained properly, can serve as trusted guard dogs and police dogs. Without proper training, however, German Shepherds can be vicious, indeed (see, e.g., Ford v Steindon, 35 Misc 2d 339 [1962] [vicious German Shepherd attacks man, "the dog * * * was a German Shepherd colloquially known as a police dog * * * It has been said that with respect *339 to such dogs 'it is a matter of common knowledge that the court can almost take judicial knowledge of the fact that police dogs are, by nature, vicious, inheriting the wild and untamed characteristics of their wolf ancestors’ ”]; DiGrazia v Castronova, 48 AD2d 249 [1975] [vicious German Shepherd (Sam) attacks six-year-old boy]; Lagoda v Dorr, 28 AD2d 208 [1967] [vicious German Shepherd attacks boy on bicycle knocking him to ground]; Strunk v Zoltanski, 62 NY2d 572 [1984] [dangerous German Shepherd bites infant on mouth and arms]; Matter of Fugazy, 82 Misc 2d 135 [Harrison Town Ct, Westchester County 1974] [two dangerous German Shepherds (Kelly and Murphy) attack, bite and chase 15-year-old boy]).
Strict Liability — Vicious Dog
New York recognizes a cause of action which imposes strict liability (no proof of negligence necessary) upon owners for injuries inflicted by their vicious dogs, the owners having knowledge thereof and viciousness being defined as prior bites and/or mischievous propensities (see, e.g., Wheaton v Guthrie, 89 AD2d 809 ["strict liability 'vicious dog’ cause of action * * * the proof established that (the dog) had a vicious propensity known to defendant. A vicious propensity is the tendency of a dog to do an act which might endanger another”]; Morales v Quinones, 72 AD2d 519 [1979] ["Liability in vicious propensity or dog bite cases is 'absolute’ * * * and is not dependent upon proof of negligence in the manner of keeping the animal * * * The keeping of the animal, knowing its vicious propensities is the gravamen of the offense”]; Lagoda v Dorr, supra, 28 AD2d, at 209 ["The doctrine that every dog is entitled to 'one free bite’, if it ever prevailed in this State, is no longer followed * * * The gravamen of the action is the knowledge of the owner that the dog was possessed of vicious or mischievous propensities”]; Lynch v Nacewicz, 126 AD2d 708, 709 [1987] ["absolute liability * * * animal found to have vicious propensities, of which its owner knows”]; Haberman v Babai, 21 Misc 2d 1093, 1095 [Sup Ct, Queens County 1959] ["the gravamen * * * is the keeping, of the animal, with knowledge of its propensities”]; Coleman v Blake, 128 NYS2d 781, supra ["Knowing dog’s waspish nature and a bite of record”]; Fox v Martin, 174 AD2d 875 [1991] [cause of action requires evidence of prior bites or vicious propensities and owner’s knowledge thereof]).
In this case Mrs. Gonzalez knew full well that Ace possessed *340 vicious propensities since on two prior occasions Ace had viciously attacked Bianca causing substantial injuries for which this court (Smith, J.) found her liable and responsible. That Mrs. Gonzalez thereafter constructed a fence to enclose Ace is of no significance (see, Lynch v Nacewicz, 126 AD2d, at 709, supra ["Liability is not dependent upon proof of negligence in the manner of keeping or confining the animal”]) since, in fact, Ace escaped on February 4, 1995 and viciously attacked and mauled Pepe. All of the elements of a strict liability cause of action — vicious dog are met herein and the court finds Mrs. Gonzalez strictly liable for all appropriate damages.
DAMAGES
The court awards the following damages to the plaintiffs.
First, damages will include the $819 veterinarian bills for Pepe’s hospitalization, care and treatment; second, damages will include $156 lost wages incurred by Alfred Nardi in caring for Pepe; third, this court finds defendant’s misconduct to be morally culpable (see, e.g., Walker v Sheldon, 10 NY2d 401 [1961]). Ace was a dangerous instrumentality and defendant knew of the dog’s vicious propensities. Punitive damages are appropriate in this case and are needed to deter other dog owners from failing to protect humans and other animals from vicious and dangerous dogs. Further, such damages will encourage defendant to take appropriate measures in the future to protect her neighbors from Ace or similar like minded dogs. The court awards plaintiffs punitive damages of $1,000.
[Portions of opinion omitted for purposes of publication.]