■ GREGORY GRISOFF et al., Appellants, v CATHY P. NICOLETTA, Respondent. — Judgment unanimously reversed, on the

law, with costs, and a new trial granted. Memorandum: Following a one-day trial, the jury returned a verdict of no cause of action and the court entered judgment dismissing the personal injury action of Gregory Grisoff and the derivative action of his wife. Plaintiffs appeal, arguing that errors in the court's charge, in particular its failure to instruct the jury regarding principles of comparative negligence, deprived them of a fair trial. We agree. The court's failure to instruct the jury on principles of comparative negligence was a fundamental error entitling plaintiffs to a new trial.

The charge conveyed the erroneous impression that the jury had to choose between plaintiffs' version of the facts and that of defendant. Analogizing the jury's role to that of a parent adjudicating a dispute between siblings, the court advised that, like the parent, the jury should listen carefully to both sides, but "would have to resolve it by deciding in favor of the one and against the other." In explaining the burden of proof, the court instructed the jury to put the evidence introduced by the parties on opposing sides of a scale and, if it found that one side outweighed the other, it should find against the person who was trying to prove that point. The record reveals that there was evidence from which the jury could have found that both defendant and Gregory Grisoff were negligent. Nevertheless, because the jury was erroneously instructed that it was an all or nothing situation, the jury's verdict may simply have reflected a view that plaintiff was more negligent than defendant.

That error was compounded by the charge on assumption of risk. The court charged that if plaintiff was found to have assumed the risk of crossing the intersection, he could not recover for the injuries he sustained. Since adoption of the rule of comparative negligence, assumption of risk is no longer a total bar to recovery (CPLR 1411). Moreover, it was error to charge assumption of risk inasmuch as plaintiff was crossing at an unmarked crosswalk and was entitled to the right of way (Vehicle and Traffic Law, § 1151, subd [a]). " 'A plaintiff to whom is owed a duty of reasonable care is not deemed to have assumed the risk unless he knows and fully appreciates the same * * * It is not sufficient that the risk was obvious or discoverable in the exercise of reasonable care and to charge assumption of risk in such a case is error. Failure to appreciate danger may constitute contributory negligence; it is not assumption of the risk, see 82 ALR2d 1218' (PJI 2:55, Comment)" (*Franco v Zingarelli*, 72 AD2d 211, 219).

In view of the fact that plaintiffs are entitled to a new trial, an additional error should be addressed. The court correctly

charged subdivision (a) of section 1151 of the Vehicle and Traffic Law, which requires a motorist to yield the right of way to a pedestrian crossing a roadway within a crosswalk. The court erred, however, in instructing that the statute was applicable only if defendant actually saw plaintiff in the crosswalk. Since defendant testified that she did not see plaintiff in the crosswalk prior to the accident, the effect of the court's charge was to deprive plaintiff of the benefit of the statute. As noted in the standard jury charge, a motorist is charged "with seeing what is within his vision" (PJI 2:75). Although the court did instruct the jury in other portions of the charge that defendant's failure to observe plaintiff in the crosswalk, if it were found to have been unreasonable, would not relieve her of the obligation to exercise due care under the circumstances, those instructions were not sufficient to cure the prejudice to plaintiff which resulted from the removal of the issue of violation of the statute (see *Applebaum v Hersh,* 26 AD2d 58).

We have reviewed plaintiffs' additional claims of error and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, John J. Conway, J. — negligence.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.