■ WILLIAM G. SMITH et al., Appellants, v JOSEPH F. SAPIENZA et al., Respondents.—In an action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Marasco, J.), dated March 29, 1983, which was in favor of defendants, dismissing the complaint, upon a jury verdict.

Judgment reversed on the law, and new trial granted, with costs to abide the event.

This action arises out of an incident which occurred on May 4, 1977, during which the infant plaintiff, Christian Smith, who was then 3½ years old, was attacked and bitten by defendants' dog. Prior to trial, a third-party action brought by defendants against Christian's sister, who had been with him at the time of the incident, and his father, on a theory of negligent supervision, was dismissed (see, Smith v Sapienza, 73 AD2d 224, affd 52 NY2d 82). In their answer to the main complaint, defendants, inter alia, asserted as defenses that the infant's injuries were caused in whole or in part by his own culpable conduct in that immediately prior to the attack he had provoked the dog by kicking him in the face. Defense counsel referred to this alleged provocation during his opening statement and there was testimony with respect thereto during trial.

At the conclusion of the evidence, plaintiffs moved to strike the defenses of provocation, contributory negligence and assumption of risk on the ground that the infant plaintiff, being under four years of age at the time of the incident, was non sui juris and could not as a matter of law be held responsible for his actions. Although the court agreed to strike those defenses, it refused plaintiffs' request that the jury be instructed that a child under four years old cannot be held responsible for his acts as a matter of law. During his summation, defense counsel again referred to the fact that the dog had been kicked in the face by the infant plaintiff and argued that there was no reason for defendants to anticipate that fact or that the dog would react as he did. The jury eventually returned a verdict in favor of defendants.

The rule governing one who keeps an animal with knowl-

edge of its vicious propensities is one of strict or absolute liability rather than negligence *(Arbegast v Board of Educ.,* 65 NY2d 161; *Molloy v Starin,* 191 NY 21; *Muller v McKesson,* 73 NY 195; *see,* Ann., 66 ALR2d 916). While in the past it had been stated that mere contributory negligence on the part of the injured party was no defense to such an action *(Molloy v Starin, supra),* it has now been recognized that the defense of comparative negligence as well as both implied and express assumption of risk may be asserted as defenses by the owner of the animal *(Arbegast v Board of Educ., supra).* In the instant case, however, the infant plaintiff, being only 3½ years old at the time of the incident, was incapable as a matter of law of being held responsible for his actions *(see, Verni v Johnson,* 295 NY 436; Ann., 107 ALR4th 100). Therefore, the court acted correctly in dismissing those defenses. While the court acted correctly in dismissing those defenses, there was, as noted, evidence in the case relating to the alleged provocation of the animal by the infant plaintiff which was emphasized by defense counsel during summation. The court should have instructed the jury that the general rule that the culpable conduct or express assumption of risk by the plaintiff is a defense to the claim of strict liability *(see, Arbegast v Board of Educ., supra)* was not applicable to the infant plaintiff's conduct at bar because, by virtue of his age, he was not legally responsible for his actions *(see, Verni v Johnson, supra; Galvin v Cosico,* 90 AD2d 656; *see also, Babin v Zurich Ins. Co.,* 336 So 2d 900 [La App], *cert denied* 339 So 2d 847; *Greene v Watts,* 210 Cal App 2d 103, 26 Cal Rptr 334; *Harris v Moriconi,* 331 So 2d 353 [Fla App]). Brown, J. P., O'Connor, Weinstein and Rubin, JJ., concur.