■ NORBERT OSTROWSKI, Appellant-Respondent, v APEX MARINE CORP., Respondent-Appellant.—Judgment of the Supreme

Court, New York County (Burton Sherman, J.), entered January 15, 1985, after a jury trial, which awarded plaintiff a verdict in the sum of $127,193.75, is unanimously modified, on the law and the facts and in the interests of justice, to the extent of reversing the awards for general and special damages and remanding the case for a new trial solely on the issue of general and special damages, and the judgment is otherwise affirmed, without costs and disbursements.

On June 12, 1979, while working as a certified able-bodied seaman on defendant's vessel *The Golden Monarch*, Norbert Ostrowski injured his back as he operated a machine to clean the ship's empty cargo tanks. Plaintiff reported the accident immediately. After a medical examination, he was placed on three days' light duty. Upon returning to New York, defendant was examined at a United States Health Service Clinic in New York and found unfit for duty and was suspected of having herniated discs. He received six months of physical therapy treatment there as an outpatient, which treatment lasted until December 18, 1979. Commencing January 9, 1980, he underwent 22 months of treatment at a United States health facility in Norfolk, Virginia, where he had to be placed in traction due to severe pain.

In Norfolk, plaintiff underwent a very dangerous test, a lumbar myelogram, to determine the nature of his injuries. According to the trial evidence, the test, is, however, reported to be more than 95% accurate when supported by clinical findings. The test concluded that plaintiff was suffering from herniated nucleus pulposus, i.e., herniated discs, at two levels. The diagnosis rendered plaintiff "permanently non-fit for duty." Plaintiff's treating physician at the Norfolk facility was also of the opinion that the June 12, 1979 accident caused the herniated discs. The evidence at trial satisfactorily supports the jury's finding of liability on the part of the defendant.

Our basis for modifying is grounded on both the shockingly low nature of the damages awarded and the fundamental error committed by the trial court in failing to submit to the jury, as an item of special damages, plaintiff's loss of earnings over the five-year period between the accident and the trial.

On the issue of earnings, Dr. Eugene Spector, a research director of the National Maritime Union, testified that plaintiff would have earned $153,000 as an able-bodied seaman between the date of his accident and the time of trial. Dr. Spector also estimated that the present value of plaintiff's future wages and benefits, to age 65, was $948,288. From the

date of the accident to June 1982, plaintiff was unable to work at all. From June 1982 until he was laid off in January 1984 he was only able to obtain employment as a trade helper and messenger at a hospital earning $15,000 per year. Plaintiff continues to feel pain and he has never been able to resume any type of strenuous physical activity.

Although plaintiff's counsel had submitted a written request to the court to submit as an item of special damages plaintiff's loss of earnings between the time of the accident and trial, the court failed to so instruct the jury and only submitted future earnings as an item of special damages. Counsel, however, neglected to except to the court's failure to include loss of past earnings. The jury returned, after deliberations, with an award of $100,000 in special damages for loss of future earnings, $15,000 in general damages for pain and suffering and no award for maintenance and cure. The court set aside the verdict on the maintenance and cure cause of action and *sua sponte* awarded $5,000 on this cause of action.

To warrant interference with a jury's assessment of damages, the excessiveness or inadequacy of the award must be such as to shock the conscience of the court. *(O'Connor v Roth,* 104 AD2d 933, *appeal dismissed* 64 NY2d 934; *Petosa v City of New York,* 63 NY2d 1016.)* An award of $15,000 as compensation for the pain and suffering resulting from two herniated discs, which condition causes plaintiff a great deal of pain, renders him incapable of any strenuous employment and cannot be corrected surgically, is shockingly inadequate. Additionally, an award of $100,000 for loss of future earnings for this 40-year-old man, who had been certified as an able-bodied seaman, and was earning over $30,000 a year, is grossly inadequate and also shocks the conscience of this court.

Partially contributing to the inadequacy of the award for special damages was the trial court's error in failing to include plaintiff's loss of earnings from the five-year period between the accident and trial as an item of special damages. While no proper objection was made to this error, this is one of those compelling cases where we, nevertheless, in the general exercise of our powers to reverse or modify and grant a new trial in the interests of justice, take note of the error due to its fundamental character and the serious resultant injustice to the plaintiff and grant relief *(Rivera v W. & R. Serv. Sta.,* 34 AD2d 115). Accordingly, due to the shockingly inadequate nature of the general and special damages and the deficient instruction on special damages, we modify the judgment to the extent of reversing the award of general and

special damages and remanding for a new trial only on the issue of these damages. We have reviewed the other issues raised by both plaintiff and defendant on their cross appeals and have found them to be without merit. The judgment is, therefore, otherwise affirmed. Concur—Kupferman, J. P., Sullivan, Carro, Rosenberger and Ellerin, JJ.