MORRIS McCABE et al., Appellants, v DAVID EASTER, Respondent.

Third Department, June 4, 1987

## APPEARANCES OF COUNSEL

*Joseph V. Zumbo (James D. Linnan* of counsel), for appellants.

*Maynard, O'Connor & Smith (Christine Kirwin Krackeler* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

On February 19, 1982, while plaintiff Morris McCabe (hereinafter plaintiff), a letter carrier with the United States Postal Service, was delivering mail to defendant, he slipped on a patch of ice covered by a dusting of snow on defendant's sidewalk and fell. Plaintiff sustained a fractured leg. Plaintiff commenced this personal injury action alleging negligence on the part of defendant. Plaintiff's wife asserted a derivative claim. After a jury trial, a verdict was rendered which apportioned culpable conduct at 60% against defendant and 40% against plaintiff. The jury found damages to be $12,600. Plaintiff now appeals.

Plaintiff contends that Supreme Court erred in charging to the jury both contributory negligence and assumption of risk. Supreme Court charged the jury with regard to assumption of risk and then instructed them to note on a verdict sheet the percentage to which this contributed to the accident, if at all. The jury was then instructed regarding contributory negligence and again told to note the percentage, if any, that it contributed to the accident. Plaintiff contends that charging both doctrines and requiring verdicts on each served to overwhelm the jury with a psychological compulsion to find at least one.

CPLR 1411 provides that the amount of a plaintiff's damages "shall be diminished in the proportion which the culpable conduct attributable to the claimant * * * bears to the culpable conduct which caused the damages". The phrase "culpable conduct" refers not only to negligent conduct on the part of a plaintiff, but conduct which, for whatever reason, the law deems blameworthy (*Arbegast v Board of Educ.*, 65 NY2d 161, 168). Implied assumption of risk consists of a plaintiff voluntarily encountering the risk of possible harm to himself or herself (*supra*, at 169), and it is a factor to be considered in apportioning culpable conduct to a plaintiff (*Mesick v State of New York*, 118 AD2d 214, 218, *lv denied* 68 NY2d 611). Although the distinction is sometimes difficult to discern, implied assumption of risk and contributory negligence are distinct legal theories, and if the evidence introduced by a defendant supports both theories, the defendant is entitled to a jury charge on both. However, since assumption of risk and contributory negligence are but different theories of one affirmative defense, i.e., "culpable conduct", they should not be

charged in such a manner as to appear to the jury as separate defenses. Here, by requesting from the jury an apportionment as to each theory, the jury could have been confused. Even where the evidence supports a charge on both theories, the jury should be directed to return one apportionment as to culpable conduct.

Further, it is our view that while the evidence supported a charge on contributory negligence, it did not support any claim of implied assumption of risk. The evidence indicates that plaintiff had been supplied with "ice creepers" for the bottoms of his boots. He wore them on the day in question, but removed them at some point before he reached defendant's house. The issue of whether such conduct was negligent was properly submitted to the jury. The evidence also indicates that the sidewalk appeared to be covered with a light covering of snow on the day in question, but that the ice was not visible underneath. This evidence does not establish implied assumption of risk. It has been held that a plaintiff has not assumed a risk unless he knows and fully appreciates such risk; the failure to use reasonable care to discover the risk may constitute contributory negligence, but it is not assumption of risk (see, *Grisoff v Nicoletta,* 107 AD2d 1047, 1048; *Franco v Zingarelli,* 72 AD2d 211, 219). In the instant case, therefore, assumption of risk should not have been charged to the jury.

Since there is to be a new trial on all issues, we need not consider plaintiff's contention that the damage award is inadequate.

KANE, CASEY, WEISS and HARVEY, JJ., concur.

Judgment reversed, on the law, with costs, and matter remitted to Supreme Court for a new trial.