LOREN GRAHAM, an Infant, by LYNNE GRAHAM, His Parent, et al., Appellants-Respondents, v MARIA A. MURPHY et al., Respondents-Appellants.

Third Department, March 3, 1988

### APPEARANCES OF COUNSEL

*Finkelstein, Kaplan, Levine, Gittelsohn & Tetenbaum (Duncan W. Clark* of counsel), for appellants-respondents.

*MacCartney, MacCartney, Kerrigan & MacCartney (Nancy J. Quinn* of counsel), for respondents-appellants.

### OPINION OF THE COURT

KANE, J.

Plaintiffs commenced the instant suit to recover for personal injuries sustained by the infant plaintiff, Loren Graham, due to a dog bite inflicted on him by defendants' dog. Recovery for loss of services was also sought by Loren's mother, who is also a plaintiff in the action. The incident occurred on June 28, 1984, when Loren, who was nine years old at the time, went to defendants' home apparently to play with one of their children. At the trial, Loren testified that as he approached the house, he saw defendants' dog, unleashed on the porch, looking toward him from about 12 to 15 feet away. As he continued toward the porch, the dog jumped up and bit his right arm, as a result of which Loren ran and tripped over what he testified to be a tree stump. He fractured his ankle in the fall and had to be operated on. Due to the injury to his ankle, he was initially required to use a wheelchair or crutches. There was testimony at trial indicating that his participation in sports was and continues to be limited, and that he now limps. Loren's treating physician testified that as a result of the injury, one leg was shorter than the other and, if the discrepancy increased, further surgery might be required.

The jury found that the dog had vicious propensities which defendants knew or should have known about but apportioned liability 56% against defendants and 44% against Loren. Awards of $138,000 to Loren and $4,500 to his mother were reduced in accordance with the parties' degrees of culpability, leaving $77,280 for Loren and $2,520 for his mother. Plaintiffs have appealed and defendants have cross-appealed.

Turning first to plaintiffs' appeal, their claim that the verdict was against the weight of the evidence rests primarily on their assertion that Supreme Court erred in charging the

defense of assumption of risk to the jury. In its charge to the jury, the court instructed the jurors that they were to decide whether Loren demonstrated culpable conduct in negligently contributing to his own injuries (i.e., contributory negligence) or in knowing and understanding that he risked injury by going to defendants' house (i.e., assumption of risk).

CPLR 1411 provides that a plaintiff's culpable conduct, which the statute defines as including the defenses of contributory negligence and assumption of risk, will mitigate damages proportionately. The Court of Appeals has held that the strict liability of an owner of a domestic animal found to have vicious propensities can be mitigated by the injured person's contributory negligence or implied assumption of risk (Arbegast v Board of Educ., 65 NY2d 161).

The problem in the instant case revolves around the fact that in defendants' answer, although they pleaded as an affirmative defense that Loren's culpable conduct contributed to his injuries, they did not specify which theory they were asserting. Defendants thereafter never responded to plaintiffs' demand for a bill of particulars. Instead, with respect to this defense, they made an oral response at trial to the demand,[1] claiming that Loren's "culpable conduct consisted of surprising, agitating and otherwise provoking the dog prior to the incident". The question in this case is, therefore, whether plaintiffs were sufficiently on notice of the defense of assumption of risk to make its inclusion in Supreme Court's charge to the jurors proper and whether the evidence presented in the case could support a finding of assumption of risk.

■ We believe that Supreme Court erred in instructing the jury with respect to assumption of risk. It is true that under CPLR 3025 (c), a party may amend a pleading to conform to the evidence, at any time during or even after trial, where no prejudice to the other party is shown (see, Murray v City of New York, 43 NY2d 400). Nevertheless, the object of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial (Di Lorenzo v Ellison, 114 AD2d 926). Although the defense of culpable conduct includes contributory negligence and assumption of risk, defendants never sought to amend their pleadings and, at trial, claimed that

1. We need not address defendants' argument that plaintiffs failed to make a motion to preclude (see, CPLR 3042 [c]), since plaintiffs do not claim that Supreme Court erred in permitting defendants to orally provide a bill of particulars.

their affirmative defense was based on Loren's fault in provoking the dog, an assertion of contributory negligence rather than assumption of risk. Furthermore, defendants never requested the assumption of risk charge; it was given by Supreme Court *sua sponte.* We find that under the facts of this particular case, plaintiffs were unduly surprised and prejudiced *(cf., Hoyt v McCann,* 88 AD2d 633).

Furthermore, we find that the evidence presented was insufficient to establish the defense of implied assumption of risk. As this court has specifically stated: "a plaintiff has not assumed a risk unless he knows and fully appreciates such risk; the failure to use reasonable care to discover the risk may constitute contributory negligence, but it is not assumption of risk" *(McCabe v Easter,* 128 AD2d 257, 259). The only relevant evidence on this point was Loren's testimony that the dog growled at him on at least 10 prior occasions, and Loren testified that these incidents did not occur on defendants' property. Additionally, although there was testimony that Loren's brothers had previously been bitten by the dog, there was no testimony that Loren was aware of these occurrences *(see, Franco v Zingarelli,* 72 AD2d 211, 219).

We are also of the view that the evidence presented was insufficient to establish contributory negligence on Loren's part. The basis for this theory was defendants' assertion that Loren provoked the dog and that he was also negligent in failing to see the tree stump he fell over. However, there was no evidence presented at trial of Loren's provoking the dog. There was also no basis upon which it could have been found that Loren should have observed the tree stump as he sought to escape after having been attacked by the dog. Therefore, since the evidence failed to support either the defense of contributory negligence or assumption of risk, there should have been no apportionment of liability between plaintiffs and defendants. As to the remaining issues raised by plaintiffs, we find them to be without merit and they are accordingly rejected.

Turning next to defendants' cross appeal, in which they claim that the damages awarded to Loren were excessive, plaintiffs initially claim that defendants waived their right to appeal the amount of the award since they did not make a motion to set aside the verdict *(see,* CPLR 4017, 5501 [a] [3]). However, if the alleged error is fundamental, this court may reverse in the interest of justice even if there was no objection to the error at trial, and this is true with respect to the

question of whether the amount of damages awarded should stand *(see, e.g., Ostrowski v Apex Mar. Corp.,* 123 AD2d 257; *Moffatt v Arlen Realty Mgt.,* 109 AD2d 934; *M.C.D. Carbone, Inc. v Town of Bedford,* 98 AD2d 714, *lv denied* 61 NY2d 605).

■ With respect to the merits of defendants' argument, it is well settled that a jury's assessment of damages should not be disturbed unless it is so excessive or inadequate that it shocks the conscience of the court *(Merrill v Albany Med. Center Hosp.,* 126 AD2d 66).[2] Upon our review of the record, we find that the award, contrary to defendants' claim, was not excessive and therefore determine that the amount of damages awarded to Loren should not be disturbed.

Accordingly, we are of the view that there should have been no apportionment of liability on the question of Loren's culpability, that the finding of liability on defendants' part was correct, and that the amount of damages awarded should be left intact.

MAHONEY, P. J., CASEY, WEISS and LEVINE, JJ., concur.

Judgment modified, on the law and the facts, without costs, by deleting so much thereof as apportioned liability 44% as against plaintiff Loren Graham, and, as so modified, affirmed.

────

2. We take note that although not applicable to the instant case, effective July 30, 1986 the standard set forth in CPLR 5501 (c) is now whether the award "deviates materially from what would be reasonable compensation".