■ THOMAS RYION et al., Appellants, v LEN-CO LUMBER CORP., Respondent and Third-Party Plaintiff, et al., Third-Party Defendant.—Judgment unanimously affirmed without costs. Memorandum: The testimony of defendant's expert was properly admitted. The court sustained plaintiffs' objection to the expert's reference to a test report not in evidence and

instructed the jury to ignore all references to such report. An expert may express an opinion based upon assumed facts in the form of a hypothetical question so long as the facts assumed are fairly inferable from the facts adduced on the record or based on facts personally known to the expert *(see,* Richardson, Evidence §§ 369-370 [Prince 10th ed]). The testimony of defendant's expert met that standard.

It was error for the court to dismiss plaintiffs' claim for breach of an implied warranty of merchantability at the close of proof. Nevertheless, the claim for breach of the implied warranty of merchantability is indistinguishable from the claim for strict products liability which was submitted to the jury *(see, Heller v U. S. Suzuki Motor Corp.,* 64 NY2d 407, 410-411; *Mendel v Pittsburgh Plate Glass Co.,* 25 NY2d 340, 345, *rearg denied* 26 NY2d 751). Because plaintiffs' products liability claim was submitted to the jury and the jury found that there was no product defect, the court's error in failing to submit the implied warranty claim is harmless.

Plaintiffs' contention that the verdict was the result of juror misconduct must also be rejected. The jury's alleged misapprehension of a concept which was correctly charged by the court does not require reversal *(see, Wylder v Viccari,* 138 AD2d 482, 483-484). Setting aside the jury verdict in such circumstances would violate the rule against permitting a juror to impeach his own verdict *(Kaufman v Lilly & Co.,* 65 NY2d 449, 460; *Alford v Sventek,* 53 NY2d 743, 744). (Appeal from judgment of Supreme Court, Erie County, Forma, J.—breach of warranty; negligence.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.