■ EILEEN PISCIOTTA, Respondent, v ALPHONSE PARISI, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Nassau County (Becker, J.), dated April 14, 1988, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $150,000.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

We agree with the defendant's contention that the trial court erred in refusing to charge the doctrine of comparative negligence to the jury *(see,* CPLR 1411). Although the evidence adduced was conflicting, a reasonable view thereof establishes that the plaintiff approached and attempted to pet a chained, barking dog at a time when the son of the dog's owner was engaged in a loud altercation nearby. Based upon this evidence, it cannot be said that no rational trier of fact could have concluded that the plaintiff was negligent, and that her negligence may have contributed to her injuries. Thus, a comparative negligence charge should have been given *(see, Willis v Young Men's Christian Assn.,* 28 NY2d 375, 378). However, we would note that the trial court did not err in denying the defendant's request that the issue of the plaintiff's implied assumption of the risk be submitted to the jury. While it is well established that the doctrine of implied assumption of the risk may be a viable defense in so-called dog bite cases *(see, Arbegast v Board of Educ.,* 65 NY2d 161; *Smith v Sapienza,* 115 AD2d 723), the evidence adduced at the trial was insufficient to support such a defense *(see, Graham v Murphy,* 135 AD2d 326; *McCabe v Easter,* 128 AD2d 257). Specifically, while the defendant testified that a "Beware of the Dog" sign was posted somewhere on the premises, there was no evidence presented that the plaintiff should have been aware of the existence of that sign. Nor was there evidence adduced to establish that the plaintiff was aware of the dog's alleged vicious propensities. Given the absence of such evidence, an assumption of the risk charge was not warranted *(see, Graham v Murphy, supra; McCabe v Easter, supra).*

Finally, we conclude that the trial court properly excluded a photograph of the plaintiff from evidence, as the defendant failed to lay an adequate foundation for its introduction *(see, Moore v Leaseway Transp. Corp.,* 49 NY2d 720, 723). Mollen, P. J., Brown and Lawrence, JJ., concur.

Spatt, J., dissents and votes to affirm the judgment appealed from, with the following memorandum: Since I believe there is no evidence of culpable conduct by the plaintiff in this record, I conclude that the trial court properly declined to charge on comparative negligence. Thus, in my view, the verdict in favor of the plaintiff should be sustained, and I respectfully dissent from the majority's decision to reverse and grant a new trial.

On the evening of July 18, 1985, the 17-year-old plaintiff went to the patio area of the defendant's home to get her bicycle. In order to do so, she had to traverse the area where the defendant's dog was chained. She had never seen the dog before, nor had she seen any "Beware of the Dog" sign. She knew nothing about the dog's alleged vicious propensities. She approached and petted the dog "to show him I was friendly". At that time, the young people who were with her, including the defendant's son, began to argue and shout and, according to the defendant, the dog was barking. After she petted the dog and began to straighten up, the dog jumped up and bit her in the face.

CPLR 1411 provides that the amount of damages recoverable in an action to recover damages for personal injuries shall be reduced proportionately by "the culpable conduct attributable to the claimant". Since the enactment of CPLR 1411 in 1975, the affirmative defenses of contributory negligence and implied assumption of the risk have been merged within the broader statutory term—"culpable conduct". The doctrine of culpable conduct, which is relevant to a mitigation of damages, is applicable to a "dog-bite" case and may be asserted as a defense by the owner of the animal *(Arbegast v Board of Educ.,* 65 NY2d 161; *Smith v Sapienza,* 115 AD2d 723).

A review of the precedents, both prior and subsequent to the enactment of CPLR 1411 in 1975, reveals that the application of contributory negligence and implied assumption of the risk (pre-1975) or culpable conduct (post-1975), as those concepts relate to a dog-bite case, have been limited to circumstances in which the plaintiffs either (1) provoked the animal, or (2) placed themselves in harm's way with knowledge of the dog's vicious propensities *(see,* post-1975; *Graham v Murphy,* 135 AD2d 326 [even though the dog growled at the infant plaintiff on 10 prior occasions, where there was no evidence of provocation, there was no culpable conduct]; *Smith v Sapienza, supra* [although there was evidence that the 3½-year-old plaintiff kicked the dog in the face prior to being bitten, his age barred the application of the defense]; *Russell v Lepre,* 99

AD2d 489 ["mere negligence" on the part of the injured party is not a defense to an action to recover damages for personal injuries resulting from a dog bite]; *Leiner v First Wythe Ave. Serv. Sta.,* 121 Misc 2d 559, 561, *affd* 127 Misc 2d 794 [the evidence is sufficient to warrant submission of the issue of the plaintiff's culpable conduct to the jury in a dog-bite case where some proof is adduced that the plaintiff either "knowing of the animal's vicious propensities, placed himself in harm's way, or wantonly excited the animal"]; *see,* pre-1975; *Muller v McKesson,* 73 NY 195, 201 ["If a person with full knowledge of the evil propensities of an animal wantonly excites him, or voluntarily and unnecessarily puts himself in the way of such an animal, he would be adjudged to have brought the injury upon himself, and ought not to be entitled to recover"]; *Morales v Quinones,* 72 AD2d 519 ["a dog owner is relieved of liability if it can be shown that the injured plaintiff had full knowledge of the dog's vicious propensities and voluntarily brought about the injury"]; *DiGrazia v Castronova,* 48 AD2d 249, 251 [judgment entered on verdict in favor of the defendant dog owners reversed because the trial court failed to instruct the jury that to establish the defense of contributory negligence, "the defendants had the burden of proving that the injured plaintiff had full knowledge of the dog's character and voluntarily brought the injury upon himself"]; *Scharf v Manson,* 27 AD2d 613, 614 ["In this type of action, contributory negligence in its usual sense is not involved. The liability is absolute unless the plaintiff with full knowledge of the evil propensity of the dog either wantonly excites the dog or voluntarily puts himself in the way of the dog thereby bringing the injury upon himself"]).

In this case, the defendant does not contend that the plaintiff provoked the dog. As stated in the majority opinion, "there [was no] evidence adduced to establish that the plaintiff was aware of the dog's alleged vicious propensities" (at 422). Consequently, the evidence was insufficient to support submission of the affirmative defense to the jury, and the trial court properly declined to so charge *(see, Willis v Young Men's Christian Assn.,* 28 NY2d 375; *Graham v Murphy,* 135 AD2d 326, *supra).*

I have found no legal precedent holding, as the majority does today, that merely petting a barking chained dog, without any knowledge of vicious propensities, is evidence of "culpable conduct", and I am not prepared to adopt that proposition.