■ JOHN LAYLON et al., Appellants-Respondents, v JAMES SHAVER, Respondent-Appellant.—Judgment unanimously re-

versed on the law without costs and new trial granted. Memorandum: Plaintiff John Laylon frequently rode his bicycle on New Seneca Turnpike past defendant's house. The Turnpike had minimal traffic and was in excellent condition. Plaintiff had previously observed defendant's dog, a Doberman Pinscher, in defendant's yard, and on those occasions the dog ran toward the road, barking and growling, until its choke chain brought it up just short of the roadway. On the morning of the accident, however, defendant had allowed his dog to run loose. When the dog charged toward plaintiff, there was no chain to hold it back and, because of the collision, or in attempting to avoid it, plaintiff was thrown from his bicycle, and he sustained injuries, including permanent hearing loss and tinnitus.

At trial, the jury found that defendant's negligence in permitting his dog to run loose had proximately caused plaintiff's injuries. That finding has not been appealed. The jury further found that plaintiff was comparatively negligent and apportioned liability 75% to plaintiff and 25% to defendant.

There is no evidence that plaintiff was aware of any danger that defendant's dog might be unchained and would on this single occasion come upon him as he rode by the house. Based on plaintiff's experience, he had reason to assume that the dog would be chained and would be unable to reach him in the roadway. There was also no evidence that plaintiff's speed was a substantial factor in the happening of the accident. The court, therefore, should not have submitted to the jury as an issue plaintiff's violation of the Vehicle and Traffic Law (see generally, Vehicle and Traffic Law § 1180 [a]; § 1231; *People v Davis,* 24 NY2d 796, 797). Based on the proof, however, the court did not err in charging the emergency doctrine. We further note that there is no merit to defendant's contention that the jury should have been charged on assumption of risk (see, *Pisciotta v Parisi,* 155 AD2d 422; *McCabe v Easter,* 128 AD2d 257, 258; see also, *Graham v Murphy,* 135 AD2d 326).

We also find that the jury's failure to award damages for future pain and suffering was against the weight of the credible evidence. There was no dispute regarding permanency. Defendant's own medical expert testified that plaintiff would suffer a permanent mild disability for the expected remaining 26.7 years of his life.

With respect to damages, the jury returned a verdict of $65,000. After the jurors were discharged, the court recalled the jury and heard testimony from the jurors that they had

intended a gross verdict of $260,000, with plaintiff receiving $65,000 after apportionment. The trial court amended the verdict to correct that mistake. That was error. The charge to the jury and the verdict sheet were straight-forward and were not confusing. The court should not have allowed the jury to impeach its verdict *(see, Grant v Endy,* 167 AD2d 807; *Labov v City of New York,* 154 AD2d 348; *Ryion v Len-Co Lbr. Corp.,* 152 AD2d 978, 979, *lv denied* 74 NY2d 616; *Wylder v Viccari,* 138 AD2d 482).

Under all of the circumstances, we grant a new trial. (Appeals from Judgment of Supreme Court, Onondaga County, Mordue, J.—Negligence.) Present—Denman, P. J., Pine, Lawton, Boehm and Davis, JJ.