■ STEPHEN LOLIK et al., Appellants-Respondents, v BIG V SUPERMARKETS, INC., Doing Business as SHOP-RITE, Respondent-Appellant. [620 NYS2d 167] —Peters, J. Cross appeals from

an order of the Supreme Court (Doran, J.), entered March 9, 1993 in Schenectady County, which, *inter alia,* partially granted plaintiffs' motion to set aside the verdict and granted a new trial on the issue of future damages.

On October 20, 1985, plaintiff Claire Lolik (hereinafter Lolik) did her grocery shopping at a supermarket operated by defendant. Upon her return to obtain a freezer bag, she slipped and fell on both knees as she was exiting the check-out counter. Lolik commenced an action in August 1987 seeking damages for the injuries she sustained, which included a derivative claim interposed by her husband.

Upon determining that defendant was negligent, the jury awarded Lolik $12,000 in damages for her past pain and suffering. No award was made with respect to future pain and suffering and the jury similarly rejected an award on the derivative claim. The jury did, however, determine that Lolik was also negligent and apportioned 40% of the liability to her. Plaintiffs then moved to set aside the verdict with respect to the inadequacy of both past and future damages and the apportionment of liability. Supreme Court partially granted plaintiffs' motion by granting a new trial on the issue of future damages. As to all the relief denied in their posttrial motion, plaintiffs appeal and defendant cross-appeals on the issue of future damages.

It is well settled that a verdict will not be set aside "unless the jury could not have reached the verdict on any fair interpretation of the evidence" *(Raucci v City School Dist.,* 203 AD2d 714, 715). Given the fact that comparative negligence is within the province of the jury as the trier of fact *(see, supra),* we find that there is sufficient evidence in the record to support the jury's apportionment of liability. By her own admission, Lolik looked straight ahead and did not look at the floor in front of her as she proceeded from the check-out counter. Had she looked, she would have seen the wet spot on the floor next to her since there was nothing obstructing her view. Since a plaintiff has the duty to use reasonable care to observe his or her surroundings and will be "bound to see what by the proper use of her senses she might have seen" *(Weigand v United Traction Co.,* 221 NY 39, 42; *see, Weiser v Dalbo,* 184 AD2d 935, 936, *lv dismissed* 80 NY2d 925), we find that there was no basis to overturn the jury's apportionment of liability *(see, Hodges v City of New York,* 195 AD2d 269).

Plaintiffs' argument regarding the inadequacy of the award for past pain and suffering is similarly unavailing. The

amount of damages to be awarded is a question of fact for the jury *(see, Rodriguez v City of New York,* 191 AD2d 420), with great deference accorded to the jury's interpretation of the evidence *(see, Levine v East Ramapo Cent. School Dist.,* 192 AD2d 1025, 1025-1026) "even if there is evidence leading to a contrary conclusion" *(Raucci v City School Dist., supra,* at 716). Lolik's treating physician testified that Lolik suffered from an arthritic condition which had been developing gradually and became aggravated by the fall. Medical testimony by both Lolik's doctor and the orthopedic surgeon testifying on behalf of defendant was that such arthritic condition allegedly triggered by the trauma to Lolik's knee could have, as of the time of trial, manifested itself even without the accident in light of Lolik's unrelated development of arthritis in other areas of her body *(see generally, Raucci v City School Dist., supra).* Testimony further revealed that in August 1987, Lolik suffered additional injury to her knee when she was thrown to the ground by her husband. Accordingly, noting that a plaintiff can only recover for those injuries that were actually caused by defendant's negligence *(see, Kirschhoffer v Van Dyke,* 173 AD2d 7, 9), we do not find that the $12,000 award for past pain and suffering "deviate[d] materially from what would be reasonable compensation" (CPLR 5501 [c]).

Addressing next the granting by Supreme Court of a new trial on the issue of future damages, we note the apparent inconsistency in finding permanency and then failing to make an award for future damages *(see, e.g., Laylon v Shaver,* 187 AD2d 983, 984). However, keeping in mind that Lolik can only recover for those damages actually caused by defendant's negligence *(see, Kirschhoffer v Van Dyke, supra,* at 9), the jury could have concluded that while the fall rendered her arthritis symptomatic, evidence supported a finding that the pain now suffered from the arthritis could have occurred even without the fall. Accordingly, we find that although a trial court has the power to set aside a jury's verdict when contrary to the weight of the evidence *(see,* CPLR 4404 [a]), such court must first conclude "that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499). The test therefore becomes "not whether a jury erred in weighing the evidence, but whether any viable evidence exists to support its verdict" *(Raucci v City School Dist., supra,* at 715; *see, Lachanski v Craig,* 141 AD2d 995). Based upon the evidence here, we find that the jury's verdict

as to future damages had a rational basis and that Supreme Court erred in setting it aside.

Addressing the dismissal of the derivative claim, we note that recovery on such claim may be denied or reduced where there is evidence that the "pre-accident conjugal relationship was strained or virtually non-existent, or the husband was not inconvenienced by his wife's inability to perform services" (7B Warren, Negligence in the New York Courts, Injuries to Wife, § 2.03, at 150-151; *see, Witkin v City of New York,* 3 AD2d 720). Here, testimony revealed that Lolik's spouse described their preaccident relationship as "bearable" and that they had not shared the same bedroom since 1972. He further testified that prior to the accident he had threatened to leave her and, in fact, had been advised to do so. Testimony also revealed an altercation between these parties which resulted in the husband throwing Lolik to the ground, triggering further injury to her knee. While a derivative claim centers on injury to the marital relationship involving "both tangible and intangible elements" *(Andrulonis v United States,* 724 F Supp 1421, 1533, *mod on other grounds* 924 F2d 1210, *vacated on other grounds and remanded* 502 US 801; *see, Millington v Southeastern El. Co.,* 22 NY2d 498), we find that the jury correctly determined that Lolik's spouse was not entitled to any award on the intangible aspects of his consortium claim. As to the tangible elements of the consortium claim which could be found in the requirement of a spouse to assume greater responsibility for normal household duties or yard work, Lolik testified that due to her accident her husband had to make his own bed and breakfast, occasionally take out the garbage and take the laundry down to the basement. Although an award on a derivative claim could be premised on such increased chores *(see, Wright v State of New York,* 110 AD2d 1060, 1061, *affd sub nom. Bland v Manocherian,* 66 NY2d 452), we note that the jury could also have determined that his minimal activities were not sufficient to constitute a loss of services as a result of her injuries *(see, Witkin v City of New York, supra).* Even "[a]ssuming that the husband was entitled to nominal damages, that would not warrant disturbing the judgment" *(supra,* at 720).

Mikoll, J. P., Mercure and Yesawich Jr., JJ., concur.

Crew III, J. (concurring in part and dissenting in part). To the extent that the majority concludes that Supreme Court erred in granting a new trial on the issue of future damages, I respectfully dissent. The experts for plaintiffs and defendant concluded that plaintiff Claire Lolik (hereinafter Lolik) had an

asymptomatic arthritic condition which became symptomatic as the result of her fall. Both experts also agreed that Lolik's present condition is permanent. Defendant's expert testified that had the accident in question not occurred, the chances were "pretty good" that the preexisting arthritic condition of Lolik's right knee would have caused her problems eventually. To my way of thinking, such postulation is entirely speculative and does not support a finding that Lolik's present condition is unrelated to her fall. Indeed, defendant's expert testified on cross-examination that Lolik had developed permanent knee pain superimposed on preexisting arthritis and such condition was the direct result of the accident. In light of that testimony, as well as that of plaintiffs' expert, I am of the view that the verdict in as future damages was against the weight of the credible evidence and that Supreme Court properly set aside the verdict in that regard (see, Laylon v Shaver, 187 AD2d 983). Consequently, I would affirm that portion of Supreme Court's order which directed that a new trial be held on this issue.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiffs' motion and directed a new trial on the issue of future damages; said motion denied; and, as so modified, affirmed.