OPINION OF THE COURT
Memorandum.
Final judgment unanimously reversed without costs and motion for summary judgment denied.
*33 In moving for summary judgment on the ground that the apartment is subject to rent stabilization, tenant relied primarily on a March 3, 1987 inspection report by an inspector for the Department of Housing Preservation and Development (DHPD) which stated that the building contained six units and that all were occupied. In opposition, landlord, who did not purchase the building until later in 1987, averred that the building was advertised as a five-family dwelling when he purchased it and that it in fact had only five units at the time that he purchased it and has had only five units ever since. Landlord also claimed that the building’s certificate of occupancy showed that the building was converted from a four-family to a five-family dwelling in 1935, but landlord did not submit a copy of the certificate. Tenant contended, and the Housing Court accepted, that the March 3, 1987 inspection report constituted unrebutted prima facie evidence (CPLR 4518 [c]) requiring that summary judgment be awarded to him.
We disagree. In People v Mertz (68 NY2d 136, 148), the Court of Appeals stated that:
“the prima facie evidence to which CPLR 4518 (c) refers [is] evidence which permits but does not require the trier of fact to find in accordance with the ‘presumed’ fact, even though no contradictory evidence has been presented (Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., 59 NY2d 137, 140). It is, in short, not a presumption which must be rebutted but rather an inference, like the inference of negligence denominated res ipsa loquitur (see, George Foltis, Inc. v City of New York, 287 NY 108; Richardson, Evidence § 56 [Prince 10th ed]).”
Thus, contrary to the contention of tenant and to the holding of the Housing Court, the DHPD inspector’s report is evidence which would only permit but not require the trier of fact to find that the building contained six units on March 3, 1987 (cf., George Foltis, Inc. v City of New York, supra, at 119, 122; Simmons v City of New York, 146 AD2d 624). This is not a case where the inference arising from the inspector’s statement is so compelling as to be inescapable (cf., e.g., Salter v Deaconess Family Medicine Ctr., 267 AD2d 976; Farina v Pan Am. World Airlines, 116 AD2d 618). Accordingly, there are issues of fact requiring a trial.
Scholnick, P. J., Patterson and Rios, JJ., concur.