■ CORRINE SMETANICK et al., Appellants, v ERIE INSURANCE GROUP et al., Respondents. [792 NYS2d 223]—

Cardona P.J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered January 30, 2004 in Franklin County, upon a verdict rendered in favor of plaintiff Corrine Smetanick.

Plaintiff Corrine Smetanick (hereinafter plaintiff) sustained injuries in a July 1997 motor vehicle accident and settled with the primary tortfeasor for $25,000, the full amount of that insurance policy. Thereafter, plaintiff and her husband commenced this action to recover damages pursuant to the underinsured motorist coverage endorsement contained in their insurance policy, which was underwritten by defendants. The matter proceeded to trial, with the sole issues being the extent of plaintiff's causally-related injuries and the compensatory value thereof. Plaintiff presented evidence establishing, among other things, that she suffered a dislocated right prosthetic hip and two nondisplaced rib fractures as a result of the accident. She also asserted that six cervical and thoracic discs were herniated and the accident triggered an exacerbation of her previously diagnosed myofascial pain syndrome, which evolved into fibromyalgia. In response, defendants presented medical testimony indicating that plaintiff's herniated discs, myofascial pain syndrome and fibromyalgia were the result of a natural, progressive deterioration of medical conditions existing prior to the accident.

Following the close of evidence, the jury returned a verdict awarding plaintiff $25,000 for past pain and suffering and $45,000 for future pain and suffering. Subtracting the $25,000 already paid by the primary tortfeasor, a verdict was entered in

the amount of $45,000 plus interest, costs and disbursements. No posttrial motions were made. Plaintiffs appeal, alleging that the verdict was inadequate and should be increased.

Initially, we note that plaintiffs failed to preserve their challenge to the amount of the jury award inasmuch as they did not move to set aside the verdict (*see* CPLR 4017, 4404 [a]; 5501 [a]; *Graham v Murphy*, 135 AD2d 326, 329 [1988]). Nevertheless, this Court may reverse a jury award in the interest of justice where a fundamental error is present (*see Graham v Murphy, supra* at 329-330). Notably, in determining whether to do so, considerable deference is accorded the jury's interpretation of the evidence (*see Duncan v Hillebrandt*, 239 AD2d 811, 813 [1997]). A jury's verdict will not be disturbed unless the amount awarded is found to "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Murphy v Lewry*, 235 AD2d 968, 969 [1997]).

In the instant case, reversal is not warranted. There was disputed medical evidence herein as to whether plaintiff's claims of myofascial pain syndrome, fibromyalgia, and disc degeneration/herniation were causally related to the July 1997 accident. One of plaintiff's physicians explicitly conceded that some of her postaccident pain was the result of a number of internal and external factors unrelated to the July 1997 accident, including an unrelated slip and fall, a viral illness, podiatric abnormalities, chronic streptococcus infections and rheumatoid arthritis. He noted that her condition painted a "very muddy picture." Accordingly, under all the circumstances, we cannot say that the modest jury award materially deviated from what would be considered reasonable compensation (*see Klein v Leonardi*, 267 AD2d 644, 646 [1999]).

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.