Kennedy v Nimons (2019 NY Slip Op 09332)





Kennedy v Nimons


2019 NY Slip Op 09332


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

527128

[*1]Robert E. Kennedy, Appellant,
v
John M. Nimons et al., Respondents.

Calendar Date: November 13, 2019

Before: Mulvey, J.P., Devine, Aarons and Pritzker, JJ.


Law Office of David Tennant PLLC, Rochester (David H. Tennant of counsel), for appellant.
Rowlands & LeBrou, PLLC, Latham (Douglas J. Rose of counsel), for respondents.



Mulvey, J.P.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered April 20, 2018 in Rensselaer County, upon a verdict rendered in favor of defendants.
Plaintiff disputes the location of the western boundary line of his property located in Rensselaer County. Defendants' property abuts along the entire northern and western borders of plaintiff's property. Plaintiff commenced this action seeking confirmation of the western boundary's location. This Court previously affirmed Supreme Court's denial of cross motions for summary judgment (121 AD3d 1229 [2014]). Following a trial, the jury was charged with determining whether, by either deed description or under the doctrine of practical location, plaintiff had correctly located the western boundary of his property. The jury returned a verdict that, by either method of determination, the western boundary was incorrectly located. Plaintiff appeals.
Plaintiff's argument that the verdict was based on legally insufficient evidence was not preserved and the verdict is not against the weight of the evidence. A party that does not move for a directed verdict or to set aside a verdict fails to preserve its legal sufficiency argument for appellate review (see Miller v Miller, 68 NY2d 871, 873 [1986]; Smetanick v Erie Ins. Group, 16 AD3d 957, 958 [2005]). As plaintiff failed to move in either instance, a legal sufficiency challenge remains unpreserved for our review. A verdict "may . . . be set aside as against the weight of the evidence if the evidence so preponderated in favor of the [plaintiff] that the verdict could not have been reached on any fair interpretation of the evidence" (Towne v Kingsley, 163 AD3d 1309, 1311 [2018] [internal quotation marks and citations omitted]). Here, the evidence did not so preponderate in plaintiff's favor that the jury could not have reached its verdict.
In addition to a 10-year time requirement, the doctrine of practical location requires "a clear demarcation of a boundary line and proof that there is mutual acquiescence to the boundary by the parties such that it is definitely and equally known, understood and settled" (McMahon v Thornton, 69 AD3d 1157, 1160 [2010] [internal quotation marks and citation omitted]; see Lounsbury v Yeomans, 139 AD3d 1230, 1231 [2016]). Further, "[w]here land is unimproved and uncultivated, the mere running of a line through the woods, ex parte, by one of the owners, so long as such line is not settled upon and mutually adopted by the adjoining owners as a division line, is an immaterial fact. In such a case, until the adjoining owner shows his [or her] assent to it, it would amount to a mere expression of the individual opinion of the owner who ran the line" (Riggs v Benning, 290 AD2d 716, 717 [2002] [internal quotation marks, emphasis and citation omitted] [finding that a landowner's inaction did not constitute assent to a boundary line allegedly created when a neighboring landowner made a path, planted trees and posted signs along that line]). Here, plaintiff testified to his use of the land in a manner similar to Riggs, but did not offer evidence of the assent of defendants or their predecessors-in-interest to the location of the boundary line. Absent such evidence, it would have been unreasonable for the jury to reach any other conclusion on the issue of practical location.
To determine the western boundary of plaintiff's parcel as described by deed, the jury viewed multiple surveys of the property in question. These documents had been prepared by different surveyors, at different times, at the behest of various persons. The jury heard testimony from the surveyors themselves describing the methodology that each used in locating the western boundary, including deed research, the significance of monuments, landmarks and indicia of use or possession, and the surveyors' reliance on previous surveys. The surveyors offered competing professional opinions explaining why their location of the western boundary line was correct and the others' location of the line was not. Giving deference to the jury's determination as to the credibility of the witnesses, the jury's verdict is not against the weight of the evidence.
Plaintiff asserts that he acquired the disputed property by adverse possession. However, the jury was not charged with deciding a claim of adverse possession, despite the parties' previous recognition of the issue in their pleadings (see Kennedy v Nimons, 121 AD3d at 1230). Plaintiff had the opportunity to advance this claim at trial and chose not to. We decline plaintiff's request that, in the interest of justice, we conform the pleadings to the proof, sua sponte, to accommodate a claim of adverse possession (see CPLR 3025 [c]; compare River Val. Assoc. v Consolidated Rail Corp., 182 AD2d 974, 976 [1992]; D'Antoni v Goff, 52 AD2d 973, 974 [1976]; Harbor Assoc. v Asheroff, 35 AD2d 667, 668 [1970], lv denied 27 NY2d 490 [1970]).
The jury received defective instructions as to the application of CPLR 4522. In that regard, Supreme Court charged the jury that "[a] 2002 survey map prepared by Surveyor Dickinson is in evidence. The survey was filed in 2002 with the Rensselaer County Clerk. The law provides that a map which has been on file with the County [Clerk] for more than [10] years is presumed to be accurate unless rebutted by other credible survey or expert opinion. In deciding whether the presumption of accuracy of the 2002 survey has been rebutted by other evidence you will apply the rules that I have already given you and will continue to give you about the evaluation of evidence."
CPLR 4522 states that "[a]ll maps, surveys and official records affecting real property, which have been on file in the state in the office of . . . any county clerk . . . for more than [10] years, are prima facie evidence of their contents." In analyzing similar statutory language from another hearsay exception contained in the same article of the CPLR, the Court of Appeals held that "[p]resumptive evidence[] is, . . . like the prima facie evidence to which CPLR 4518 (c) refers, evidence which permits but does not require the trier of fact to find in accordance with the presumed fact, even though no contradictory evidence has been presented. It is, in short, not a presumption which must be rebutted but rather an inference, like the inference of negligence denominated res ipsa loquitor" (People v Mertz, 68 NY2d 136, 148 [1986] [internal quotation marks and citations omitted]; see People v Perez, 130 AD2d 779, 780 [1987], lv denied 70 NY2d 716 [1987]; New Dimension Realty 005 v Sincere, 189 Misc 2d 32, 33 [App Term, 2d Dept 2001]).
Supreme Court's charge required the jury to locate the western boundary of plaintiff's property as depicted in the 2002 survey unless plaintiff offered evidence that rebutted the survey's presumed accuracy. The jury should have been instructed that, in the absence of contradictory evidence, it was permitted but not required to adopt the western boundary as depicted in the 2002 survey. Hence, Supreme Court committed reversible error because the effect of the charge was to improperly require plaintiff to disprove the alleged accuracy of the 2002 survey map (see People v Mertz, 68 NY2d at 148-149).
Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.